## JOHNSTON et al. v. DAHLGREN.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. PAYMENT—APPLICATION—ILLEGAL ITEM.

A plumber employed to do certain plumbing also contracted to do carpentering, painting, and other work on the premises. A payment was made by the owner on the work done, which it was understood at the time should be applied on the bill for plumbing. Subsequently it appeared that the bill for plumbing was illegal, and could not be enforced, because the plumber was not registered as required by law. *Held*, that the fact that the bill for plumbing was tainted with illegality did not prevent the application of the voluntary payment to it instead of to the enforceable items for carpentering, etc.

2. PRINCIPAL AND AGENT—EMPLOYER AND CONTRACTOR.
    Where plaintiffs, who contracted with defendant's testator to employ mechanics to make repairs on the testator's premises, construed the contract as authorizing them to deal independently of the testator with the persons employed, and contracted with such persons in their own name, and assumed to be responsible for their compensation, and the testator had notice of and approved such facts, the relation between plaintiffs and the testator was that of employer and contractor, and not principal and agent; and hence the fact that plaintiffs charged testator more than the amount paid such other employés did not constitute a breach of trust precluding plaintiffs from recovering for the work.

Appeal from judgment on report of referee.

Action by James R. Johnston and another against Elizabeth Drexel Dahlgren, as executrix of John Vinton Dahlgren, deceased. From a judgment for plaintiffs, entered on a referee's report, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Abram I. Elkus (David T. Davis, on the brief), for appellant.
George C. Lay, for respondents.

HATCH, J. The plaintiffs were master plumbers, and contracted with the defendant's testator to do plumbing work in his house After the work was commenced it was discovered that quite exten sive repairs were essential and necessary in order to properly do the same. These alterations consisted eventually in the almost complete renovation of the house. The defendant's testator directed the plaintiffs to procure such work to be done, and under such direction the plaintiffs contracted with several different individuals and firms, consisting of carpenters, painters, masons, roofers, and other mechanics. The plaintiffs, while master plumbers in fact, had not registered as such with the board of health, as required by law. For this reason, upon a trial had before a referee, such referee reached the conclusion that the failure so to register precluded the plaintiffs from recovering anything on account of the work performed, either by themselves or by the other mechanics employed upon the house, and thereupon he dismissed the complaint. From such determination an appeal was taken to the appellate division in the First department, and the court reversed the judgment, holding that as to the item of plumbing no recovery could be had, but that as to the other elements in the case it might be made to appear that such work was severable from the plumbing work, and, if so severable, it would not be tainted with the illegality which attached to the plumbing, and that such condition would depend upon the proof given on the trial. Johnston v. Dahlgren, 31 App. Div. 204, 52 N. Y. Supp. 555. The decision was not unanimous respecting the effect of the failure to register, but, whatever may be the law upon this subject, the prevailing opinion must be regarded by us as furnishing the law of this case upon such question. The rule to be applied, therefore, is that no allowance can be made for the plumbing work, except so far as the same may have been voluntarily paid.

On the present trial the referee has found that $2,000, paid on

the 19th of February, the plaintiffs were at liberty to apply upon the item of plumbing work; that as to the other work it was divisible and separable from the plumbing, and that a recovery could be had therefor. The result of the referee's finding in this respect was to discharge by payment the whole of the plumbing bill, excepting a little over $500, and that for the other items incurred upon the other contracts for which the lien had been filed a recovery could be had, and he directed judgment in favor of the plaintiffs for such sum, and authorized judgment for the foreclosure of the lien which they had filed. The defendant contests the correctness of this conclusion, and claims that at the time when the payment of the $2,000 was made it applied generally upon the whole account, for all the items which were then rendered, and that as no direction was given by the defendant's testator when he made the payment, and as it did not appear that the plaintiffs applied such payment upon the plumbing bill, the law is absolute in making application of the same, and requires it to be applied upon the legal item of the bill; that, as the plumbing bill is illegal, application of payment could not be made thereon. Reliance is had upon the former decision in this respect, which states that such payment was confessedly made upon the general account, and should be first applied upon the legal items; citing Huffstater v. Hayes, 64 Barb. 573. This statement and the authority are sufficient to support the conclusion that a general payment, made without intent of special application by either the party paying or the one receiving, upon a bill containing legal and illegal items, must be regarded as applying to the former, and not to the latter. The view of the referee in disposing of this question seems to have been that, as the defendant's testator was to approve of the accounts which were rendered by the several contractors who were employed to do the work aside from the plumbing, and as he omitted to make approval of such accounts when they were presented by the plaintiffs, at that time such items were not due, in consequence of which no payment was authorized to be applied except upon the plumbing bill. Whether this be the rule or not, or whether the facts warranted such a conclusion, we do not regard as controlling of the question. It is fairly to be gathered from the testimony that at the time this payment was made both the parties understood that it was to be applied upon the plumbing account. This fact is derived from their subsequent acts. It is clear that neither party, at the time when this payment was made, understood that the item for the plumbing work was illegal for any reason. So far as is disclosed by the record, it was a perfectly fair bill, untainted with any illegality, except as made so by the statute which required the plumbers to register. The evidence on the part of the plaintiffs tended to establish that objection was made by the defendant's testator to the bills of the other contractors, but that no objection was made to the plumbing bill. While defendant's testator was sworn, he did not deny that he made some objection to the mason's bill; he could not recollect particularly upon that subject. Generally, however, he stated that his objection was to the entire bill as too large. It appears without dispute that subsequently he paid a number of the

contractors the full amount of their bills, that he offered to compromise others, and, if all had accepted the compromise offered, the entire bill, save a little over $500, the amount due upon the plumbing bill, after making application of the payment, would have been discharged. As there is no dispute of fact upon this branch of the case, it would seem to conclusively establish that defendant's testator, when he made the payment of the $2,000, intended that to that extent it should go in discharge of the bill for plumbing. His subsequent acts are consistent with no other theory, and are so conclusive of his intention in this regard that we think the referee was correct in drawing the conclusion that the plaintiffs were at liberty to make this application of the payment, and they are not concluded by any averments of their pleading. It was entirely competent for the defendant's testator to make voluntary payment of the plumbing bill, even though in fact it was tainted with illegality. Cunningham v. Railroad Co., 63 Hun, 439, 18 N. Y. Supp. 600, affirmed 138 N. Y. 614, 33 N. E. 1082; Knowlton v. Spring Co., 57 N. Y. 518. Indeed, in this regard, if he had full benefit of the service, it would be equitable and in consonance with good morals so to pay, although he might have avoided the entire bill. Where it appears, as here, that the service was rendered and payment was made which was intended to be in discharge of it, no rule of law is violated by holding such to be its legal effect. It is not necessary that the intention should be expressed in words. It may be inferred from the circumstances of the case, and as such it is a question of fact. Barb. Paym. p. 359, § 79. Such rule is in accordance with equitable principles, and, where there has not been an express direction to make application of a particular payment, the court may so apply it according to its own notion of the intrinsic equity and justice of the case. Camp v. Smith, 136 N. Y. 187, 32 N. E. 640. The transaction in this case not being malum in se, but malum prohibitum only, there is no equitable principle which requires that the payment should be construed as applicable alone to the legal items in the bill, where it may be found that the object of payment was to discharge the prohibited bill. Caldwell v. Wentworth, 14 N. H. 431.

It is further claimed that the plaintiffs are not entitled to recover for the other items in the bill, for the reason that in the incurring of the indebtedness they were not independent contractors, but were acting as the agents of the defendant's testator, in a fiduciary capacity, and in so construing their relation they were guilty of fraud in charging commission and profit upon their work, which in law defeats a recovery. It may be observed that fraud is not averred as a defense, and it is doubtful, therefore, if this point is available to the defendant at this time. If in fact they were independent contractors, then they were permitted to charge a reasonable profit in connection with the work, and such charge would not invalidate their right to recover. Anderson v. Dillaye, 47 N. Y. 678.

There is some evidence in the case which would have authorized the referee to find that the relation existing between the plaintiffs and defendant's testator, independent of the plumbing contract, was

that of principal and agent. Such testimony, however, is not conclusive of the question. After the oral contract was made, which furnished authority for the performance of the work aside from the plumbing, the defendant's testator wrote the plaintiffs a letter, in which he states: "As I now understand our contract, your firm is to settle all bills for work done under your direction, first, however, submitting them to me for approval, and I am to pay you." This expressed his understanding of what the contract was, and the plaintiffs by acting thereunder adopted such understanding. The letter itself is somewhat ambiguous, and may be subject to either construction. The acts of the parties thereunder become of controlling importance in its true interpretation. It appears that the plaintiffs evidently construed the contract as authorizing them to deal, independently of defendant's testator, with the persons whom they employed to do the work. They contracted with such persons in their own name, and assumed to be responsible for their compensation, and the contractors thus employed dealt with the plaintiffs as the principals in the transaction, and no one of them at any time looked to the defendant's testator as being liable for his bill, or had any negotiations with him whatever, until after the work was completed. The defendant's testator had notice of all of these facts, and, so far as appears, approved of all that was done in this connection. We think, therefore, that the referee was justified in finding that the relation was not that of principal and agent, but of employer and contractor. These conclusions lead us to hold that upon the main question the plaintiffs were entitled to recover.

So far as the rulings made upon the trial are concerned, they are all proper, in view of the disposition which is made of the main contentions involved. We find no legal error therein.

The amounts which were charged for the work were the subject of contest, but this question was one of fact for the disposition of the referee, and we find that he legally disposed thereof.

It follows that the judgment should be affirmed. All concur.