Per Curiam.

The plaintiff might have but did not contest the payment for the plumbing work and materials on the ground of the defendant’s noncompliance with the licensing statute. (Administrative Code of City of New York, § 561-1.0; Ellejan v. Dinerstein, N. Y. L. J., May 12, 1950, p. 1701, col. 3.) Instead he paid the contract price for such work to the defendant. These circumstances do not in and of themselves entitle plaintiff to the return of such payment. (Johnston v. Dahlgren, 166 N. Y. 354, affg. 48 App. Div. 537; see, also, Low v. Capitol Wine & Spirit Corp., 272 App. Div. 703, 705.) However, plaintiff was not afforded an opportunity to develop his claim predicated upon defendant’s alleged misrepresentation that he was a licensed plumber. In any event, since the defendant had not completed the work for which he had been paid in full, and a violation was placed against plaintiff’s property by the department of housing and buildings, the plaintiff is entitled to recover the reasonable value of the uncompleted work and the removal of such violation. To leave the parties where they have placed themselves in that aspect of the case would be inequitable and result in an unjust enrichment of the defendant. On a new trial, the court may take proof of the nature of the uncompleted work and of the items set forth in the violation as well as the reasonable value thereof.
The judgment should be reversed, on the law and the facts, and a new trial granted, with |30 cpsts to the defendant tp abide the event,
*104 • Bette and Arkwright; JJ., concur; Hart, J., concurs with the' following memorandum; plaintiff would be entitled to restitution of the payment if made in the mistaken belief that the .contract was binding upon him (Civ. Brae. Act, § 112-f; Restatement, Restitution, § 47). In such event, defendant should be credited for any benefit received by plaintiff under the contract to' the extent that the same is severable from the illegal portion thereof (Restatement, Restitution, § 48). However, plaintiff may not recover any payment voluntarily made to defendant with the knowledge that he was an unlicensed plumber (Johnston v. DahVgren, 48 App. Div. 537, affd. 166 N. Y. 354). But in the latter ca'se, plaintiff should be reimbursed for the cost of removing the violation and making the work conform to the contract.
Judgment reversed, etc.