Irving L. Levey, J.
Plaintiff moves for relief pursuant to rule 102 (subd. 1) and rule 103 of the Buies of Civil Practice with respect to certain paragraphs contained in the answer and pursuant to rule 109 (subds. 5", 6) striking out for insufficiency each Counterclaim, defense and offset.
The complaint contains two causes in express contract and two causes in quantum meruit. Plaintiff sues as an assignee of the contracts and as assignee of the rights and claims in suit. It is alleged that plaintiff’s assignor engaged with the defendant in two separate contracts for the improvement of real property, each contract pertaining to a separate parcel owned by the defendants. The contracts relied on are made part of the complaint.
The first defense urges as bar to recovery section 15 of the Lien Law and the alleged fact that no part of plaintiff’s consideration for the assignment went into the improvement. Plaintiff as assignee stands in the assignor’s position as the contracting party with the defendants and the latter’s debt to the *755 assignor does not permit of the interposition of section 15. The first defense is insufficient and no leave to replead is granted.
In the first counterclaim, partial defense and offset, it is alleged that the assignor has not complied with sections 212 and 218 of the General Corporation Law in that the transactions in suit are not encompassed within its charter filed Avith the Secretary of State, upon the basis of which the certificate of doing business Avas issued. Upon compliance Avith those statutes, foreign corporations are in no different position than domestic corporations and ultra vires is no bar to recovery for services rendered and for which payment is due, nor basis for counterclaim or offset. The pleading is insufficient and no leave to replead is granted.
The second counterclaim, defense and offset and the third counterclaim, partial defense and offset are based on the assignor’s failure to comply Avith the Administrative Code of the City of New York provision requiring a license to conduct a plumbing business (see General City Law, § 45). The conduct of such a business without license is prohibited and there may be no recovery (Weinstein v. Silberfeld, 116 N. Y. S. 2d 471 [App. Term, 1st Dept.]). A good defense has been set forth, but it is not good as a counterclaim or offset. The motion is denied as to the defenses and is granted as to the counterclaims and setoff, without leave to replead.
In the fourth and fifth counterclaims, defenses and offsets, it is alleged that the assignor covenanted to supply workmen’s compensation insurance and public liability coverage in a stated amount, but failed to do so. There is pending against the defendants a lawsuit brought by a laborer who sustained injury in the course of employment. That claim arose prior to assignment and the assignor is insolvent. Accordingly, it is alleged that trial here should be stayed until the injured party’s action is determined. Thus, the relief is not sought on the basis of damage incurred by reason of nonperformance, but rather by reason of the uninsured accident and the ensuing lawsuit. Whatever other remedy defendants may have to obtain a stay of this action, it is not by defence, counterclaim or offset. Nothing stated in the pleading tends to defeat plaintiff’s claims or to base a claim for affirmative relief by action or offset. There is no claim, liquidated or unliquidated, until there has been imposition of legal liability. The pleading is insufficient and no leave to replead is granted.
In the sixth counterclaim, partial defense and offset, it is alleged that the assignor failed to perform in certain stated respects and, therefore, the defendant was damaged in a stated, sum. If there was failure to perform and no more, such fail' *756 ure does not constitute a separate defense and in any event the specific respects in which performance failed as alleged are set forth in the answer responsive to plaintiff’s allegation of due performance. In the absence of allegation that, by reason of failure to perform, the defendants expended moneys and sustained damage, no counterclaim or basis for affirmative relief is stated. The pleading is insufficient and it may be realleged as a counterclaim only if the defendant is so advised.
In the seventh counterclaim, partial defense and offset, it is alleged that prior to the assignment mechanic’s liens were wrongfully filed as to the defendants and property by virtue of the fault of the assignor and such liens covered matters for which the assignor now insolvent was responsible and failed to pay. The lienors are made parties to the counterclaim by which it is sought that the liens be determined to be invalid and, if found to be valid in any measure, that they be charged against the plaintiff. The pleading is sufficient.
In the eighth counterclaim, partial defense and offset, defendant repeats the allegations of the preceding counterclaim pertaining to mechanic’s liens filed and alleges, in addition, that the contracts and assignments in suit were not filed. If the liens are superior to the assignments, such determination will be provided by the preceding counterclaim. As to the defendants, there is no basis for defense or additional affirmative relief. The pleading is insufficient.
In the ninth counterclaim, partial defense and offset, it is alleged that the assignor failed to perform its covenant to obtain the agreed financing for payment of the purchase price in the manner provided by the contract. The pleading is good as a counterclaim only, under which, if a sum is found due to the plaintiff, the court may mold a decree so as to provide for payment as provided in the contract, if the defendant is found entitled thereto. The relief sought is in the nature of specific performance. The pleading is good as a counterclaim only and otherwise the motion is granted.
As part of their denials to the various allegations of the complaint, the defendants have appended Exhibit A, which plaintiff contends should be stricken out, since Exhibit A is comprised of documents which render the denials indefinite and uncertain. Defendants urge that the exhibit constitutes a single contract embracing a single undertaking to perform work in the improvement of four buildings, including the two in suit. Plaintiff contends that the contracts in suit are single and independent. Defendants are entitled to such benefit as may flow from the alleged contention that the parties engaged in a single contract *757 covering the four properties. There is no prejudice perceived in appending the entire agreement as a claimed single contract, as part of the denials contained in the answer and no indefiniteness or uncertainty is produced thereby. That branch of the application is denied. In paragraphs 7, 14, 17 and 22 of the answer, the defendants allege specific respects in which nonperformance is claimed and, ostensibly, such nonperformance is claimed with respect to what defendants deem to be a single contract embracing four buildings. Plaintiff urges that the allegations are improper insofar as they apply to premises other than those referred to in the complaint. For the reason indicated as to Exhibit A, the paragraphs to which objection is raised must be permitted to stand and this branch of the application is likewise denied.
After this matter was submitted, an amended answer was served in which the defendants have asserted the tenth counterclaim, partial defense and offset and an eleventh counterclaim, partial defense and offset and these, too, have been submitted for consideration on plaintiff’s motion.
The first added pleading relates to the failure of the assignee to qualify by the procuring of the required license to conduct the business of installing oil-burning equipment. Like the second counterclaim, defense and offset relating to the failure to procure the required license to conduct a plumbing business, the tenth counterclaim, partial defense and offset is good as a defense but it is not good as a counterclaim or offset. The motion is denied as to the defense and it is granted as to the counterclaim and setoff without leave to replead. The eleventh counterclaim, partial defense and offset complains of the assignor’s failure to obtain authority to conduct the business of installing heating equipment and, therefore, was in violation of sections 212 and 218 of the General Corporation Law. The same basis of defense and recovery is set forth in the first counterclaim, partial defense and offset and for the same reasons indicated with respect thereto the eleventh counterclaim, partial defense and offset are insufficient and no leave to replead is granted.
The motion is disposed of as indicated and to the extent permitted an amended answer may be served within 10 days from service of a copy of this order with notice of entry.