Robert J. Trainor, J.
Plaintiff, a licensed plumber in the Towns of Eastchester and Scarsdale brings this action to recover for work, labor, services and materials supplied to the defendant pursuant to an oral contract.
Defendant at the time the cause of action arose, resided in the City of Yonkers, but due to postal regulations, had a Scars-dale address and telephone number. It is undisputed that at the time the contract was made, the defendant referred to his residence as Scarsdale, and in no way indicated to the plaintiff that the premises were actually in the City of Yonkers.
There is no denial of the contract and its due performance on the part of the plaintiff. There is no dispute as to amount. The sole defense offered by defendant, a professed member of the Bar, is that plaintiff is unlicensed as a plumber in the City of Yonkers, in violation of section 45 of the General City Law and the contract is therefore unlawful and unenforcible,
*161 There appears to be a limited amount of case law in this State dealing with the defense in this action. Some cases (Wexler v. Rust, 144 App. Div. 296; New York Factors v. Seid, 28 Misc 2d 753) consider the question of law, but skirt the issue and render decisions on other grounds. The leading cases appear to be quite contemporary in time. Weinstein v. Silberfeld (116 N. Y. S. 2d 471) an Appellate Term, First Department appeal from the Municipal Court of Manhattan holds in a 2 to 1 decision, that the violation of section 45 of the G-eneral City Law precludes recovery. The dissenting opinion, however, holds with, and cites, the other leading authority Lusardo v. Harper (116 N. Y. S. 2d 734, Young, Off. Bef.), which stands for the proposition, that a recovery may be had in the absence of any contrary provision in the statute itself.
Judge Young (p. 736), resting on the authority of Rosasco Creameries v. Cohen (276 N. Y. 274), concluded: “ In the present case I find nothing in the statute or ordinance which shows any intention to deprive unlicensed plumbers of the right to recover for the work performed and I cannot see that a violation of the statute endangers health or morals justifying an additional penalty for a violation in addition to that perscribed by the statute.”
This court feels that the Lusardo decision and the dissenting opinion in Weinstein, rests on sound legal reasoning which is adopted for the purposes of this action. In a decision on a motion in the present case (N. Y. L. J., March 16, 1962, p. 15, col. 2) Hon. John H. Galloway, Jr., a Judge of this court, reached the same conclusions although denying plaintiff’s application for summary judgment on other grounds.
The defendant stated, in substance, gratuitously, at the trial, that he had not reported the matter to Yonkers authorities inasmuch as the plaintiff’s actions constituted a misdemeanor and he did not want to see the plaintiff punished. Perhaps, however, it is also possible that the defendant did not want to run the risk of being told to rip out the unlicensed work. I am inclined to believe the latter in view of the defendant’s attitude toward this unpaid bill.
Finding of facts and conclusions of law having been waived by the parties, this court finds in favor of the plaintiff, against the defendant for the sum of $336 with interest from the 1st day of March, 1959, and judgment may be entered accordingly.