Charles H. Cohen, J.
Plaintiff seeks to recover $700 from defendants for work, labor and services performed at defendants’ premises in New York City. Defendants interpose a general denial as well as a defense of illegality based upon the ground that this matter involved a home improvement contract and that plaintiff was not licensed as required by section B32350.0 et seq. of the Administrative Code of the City of New York. Defendant also is counterclaiming for breach of contract.
Plaintiff claims that he entered into an oral agreement with defendants on Sunday, May 28,1972 whereby he agreed to build a patio in the back of the house in which defendants resided for the sum of $700; that the defendants wanted the work done right away; that on the next day, Memorial Day, he and two other workers appeared at defendants.’ house and worked all day doing _ part of the required work while defendants were away; and that plaintiff did not complete the work because defendants hired another contractor to complete the work. Defendants claim that plaintiff had done other work for them before pursuant to oral agreements and that some of that work had been unsatisfactory; that the agreement to build the patio was conditioned upon plaintiff entering into a written agreement containing appropriate guarantees; that no written agreement was made; and that whatever work plaintiff did was unauthorized.
The court finds that any work to be performed by plaintiff was conditioned upoii a written agreement being entered into by the parties, that the work performed by the plaintiff was unauthorized and that plaintiff cannot recover. Moreover, since this matter involves a home improvement contract within the meaning of section B32-351.0 of the Administrative Code and plaintiff was not licenced as required by section B32-352.0, plaintiff may not recover in any event.
In Unger v. Travel Arrangements (25 A D 2d 40, 43, 44), after pointing out that a violation of some statutes requiring a license to do business renders a contract made thereunder unenforceable but a violation of others does not have this effect, and after citing applicable cases, the court'stated: “ It is the general rule that one who is required to have a license to practice a profession or occupation and who has no license will not be permitted to recover for the services which he has rendered in the practice of such profession or occupation.”
Where recovery has been permitted, it involved, in the words of Atkin v. Hill, Darlington & Grimm (15 A D 2d 362, 366, affd. 12 N Y 2d 940), statutes which were not “ designed to assure the merit of the transaction under consideration or the quality of its subject matter.” That test would seem to be the key to *92 the attempt to reconcile the apparently divergent cases (except for unlicensed plumber cases where recovery has sometimes been permitted [De Paso v. Cooper, 43 Misc 2d 160; Lusardo v. Harper, 116 N. Y. S. 2d 734] and at other times denied [Meguin v. Kramer, 49 Misc 2d 572; Weinstein v. Silberfeld, 116 N. Y. S. 2d 471; New York Factors v. Seid, 28 Misc 2d 753, 755; cf. Allen v. Miller, 1 Misc 2d 102]).
Thus, in Rosasco Creameries v. Cohen (276 N. Y. 274), upon which plaintiff heavily relies, the court required milk dealers to pay for milk sold to them by an unlicensed dealer for the reason that the statute was not enacted ‘ ‘ for the purpose of protecting dealers such as the defendants ” (p. 280). As noted in Atkins v. Hill, Darlington & Grimm (supra, p. 367) “ Legislative intent remains the touchstone.”
In studying the statute involved herein, the opening section is most significant. It states (Administrative Code, § B32-350.0) as a legislative declaration: * * It is the purpose of the city council in enacting this article to safeguard and protect the home owner against abuses and fraudulent practices by licensing persons engaged in the home improvement, remodeling and repair business.”
The court finds that this statute was enacted for the very purpose of protecting home owners such as defendants and, accordingly a contract made for a home improvement by an unlicensed contractor, such as plaintiff, is unenforceable.
The court is not unmindful of the recent case of Host v. Gauntlett (73 Misc 2d 96) — the only reported case found concerning this statute — wherein a home owner was denied recovery of sums already paid to the unlicensed contractor. However, that determination was based upon the declaration of the Court of Appeals in Schank v. Schuchman (212 N. Y. 352, 359) that: “ The law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain.”
As more recently stated in Unger v. Travel Arrangements (25 A D 2d 40, 44, supra), these statutes “ may serve as a shield but rarely may they serve as a sword.”
The court directs that judgment be entered in favor of defendants against plaintiff with respect to plaintiff’s claim. The court further finds that defendants have failed to sustain their burden of proving damages for breach of contract as set forth in their counterclaim and directs that judgment be entered in favor of plaintiff against defendants op this counterclaim.