OPINION OF THE COURT

Per Curiam.

Order entered September 29, 1978 (Cahn, J.), insofar as appealed from, affirmed, with $10 costs to defendant.
Our appellate courts have been uniformly reluctant to permit the recovery of punitive damages by an insured against his insurer (Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427; Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71). In this action, it is not defendant’s insureds who are questioning its activities with respect to the settlement of third-party claims. Rather, it is other insurers, suing as subrogees of adverse property damage claimants, who are asserting that defendant entered into a course of conduct to issue false disclaimers under policies with its insureds, thus compelling plaintiffs to resort to unnecessary (in their view) litigation. Even assuming the truth of plaintiffs’ allegations, defendant’s punishment is, in this context, more properly within the province and jurisdiction of the Superintendent of Insurance than through an award of punitive damages to competing insurance companies (see Frizzy Hairstylists v Eagle Star Ins. Co., 93 Misc 2d 59). Section 40-d of the Insurance Law prohibits insurers from repeatedly engaging in unfair claims settlement practices; if defendant has willfully violated this section, appropriate monetary penalties may be imposed (Insurance Law, § 40-d, subd 3; § 5). One of the primary purposes of punitive damages is to deter the wrongdoer, and others similarly situated, from indulging in like conduct in the future (Walker v Sheldon, 10 NY2d 401, 404). The statute (§ 40-d) performs this same disciplinary function and obviates the necessity for the maintenance of causes of action for punitive damages in these circumstances (Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71, 79, supra).
Concur: Hughes, Riccobono and Asch, JJ.