OPINION OF THE COURT
Charles H. Cohen, J.
In this action instituted by the service of a summons with a notice (CPLR 305, subd [b]) stating that the “nature of this action is damages for interference with contractual relations; fraud”, plaintiffs have made a motion for an order pursuant to CPLR 6301 et seq. enjoining and restraining the defendant Mikhail Krasnerman from “contacting, approaching and/or soliciting any of the clients of the plaintiffs herein”. Plaintiffs base their action upon regulation No. 60 (11 NYCRR part 51) of the Insurance Department which sets forth certain procedures to be followed when a life insurance policy is being replaced. Plaintiffs claim that defendant did not follow the procedures set forth in regulation No. 60.
At the hearing on this motion plaintiffs have presented some evidence to the effect that defendant, an insurance salesman, has on two occasions approached people who have “purchased” life insurance policies from some of the plaintiffs and “sold” them new policies in place of their old ones. This has caused some of the plaintiffs, who are insurance salesmen to lose commissions.
*679 In order that a preliminary injunction be granted plaintiffs must prove three things: (1) likelihood of ultimate success by plaintiffs after a trial on the merits, (2) irreparable injury to plaintiffs absent the granting of the preliminary injunction, and (3) the equities, on balance, favor the granting of the injunction. (Albini v Solork Assoc., 37 AD2d 835; Hartford v Resorts Int., 43 AD2d 828; Picotte Realty v Gallery of Homes, 66 AD2d 978.)
Plaintiffs have not shown that they have a clear right to succeed on the merits; they have not shown a likelihood of success after a trial on the merits. It is not clear that defendant has done anything more than compete with plaintiffs for life insurance business among recent Russian emigres. Even if defendant had violated regulation No. 60, it has not been shown that he did this, if at all, on more than two occasions. Two instances do not show a pattern of violations. Moreover, even if defendant had engaged in regularly violating regulation No. 60, an action by competing insurance salesmen does not seem to be the proper vehicle for enforcing this regulation. 11 NYCRR 51.1 provides that its purpose is to regulate the “acts and practices” of licensees with respect to the replacement of life insurance and to “protect the interests of the life insurance public” with respect to the replacement of life insurance policies.
Regulation No. 60 was not designed to protect competing insurance salesmen and it would be inappropriate, in view of the purpose of the regulation, to give such competing insurance salesmen a cause of action by reason of the fact that they may be losing commissions. Regulation No. 60 is to be enforced by the Insurance Department (Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71; Frizzy Hairstylists v Eagle Star Ins. Co., 93 Misc 2d 59; Cosmopolitan Mut. Ins. Co. v Nassau Ins. Co., 99 Misc 2d 1018), and, perhaps, by a customer (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 21; Hubbell v Trans World Life Ins. Co. of N. Y., 50 NY2d 899, 901) but not by competing salesmen. There was no intent to give competing insurance salesmen a right of action to enforce regulation No. 60. (Cf. Vegliack v Mazzella, 73 Misc 2d 90, 92.)
*680 There has been no showing of irreparable injury to plaintiffs. The plaintiff Lidogoster testified that he knows of no situation now where defendant is about to cause cancellation of an insurance policy without compliance with regulation No. 60. Plaintiffs further have not shown any urgency in this matter, having waited for some time after they learned of defendant’s activities before bringing this action. If defendant’s conduct has given plaintiffs a cause of action against him, they may be awarded damages after a trial for any commissions they may have lost.
A balancing of the equities does not favor the granting of the injunction. The problem presented is essentially one involving competing life insurance salesmen, many of whom have apparently engaged in “hard sell” tactics to sell life insurance to recently arrived Russian emigres.
Accordingly, the motion for a preliminary injunction is denied.