■ ROBERT GOLDSTEIN et al., Respondents, v BEN GERBANO, Appellant.—

The plaintiffs Judy and Robert Goldstein entered into two contracts with the defendant. In the first contract, the defendant orally agreed to design and select furnishings for the plaintiffs' den and bedroom. The plaintiffs paid the defendant the aggregate sum of $30,138.47 in connection with this contract. The second contract called for the construction of a closet extension and the defendant agreed, *inter alia*, to supply the necessary labor and materials. The defendant was given a deposit of $10,400 pursuant to this contract and was allegedly requested to commence work immediately.

The evidence adduced at trial, however, established that although a period of more than one year had elapsed since the parties entered into the contracts, the plaintiff received only $4,000 worth of home furnishings and accessories. The record further discloses that the defendant did not perform any construction work under the closet extension contract, a fact which he conceded at the trial. Additional evidence was elicited which revealed that the furniture ordered by the defendant was never paid for and that the defendant, in fact, spent all of the moneys he had received from the plaintiffs.

In view of the foregoing, we find that the Supreme Court properly concluded that the plaintiffs were entitled to rescind the contracts and to recover the amounts designated in the judgment as a result of the defendant's failure to perform *(see, Babylon Assocs. v County of Suffolk,* 101 AD2d 207). We further note that since the defendant was not licensed as a home improvement contractor *(see,* Nassau County Administrative Code § 21-11.2), he is precluded from obtaining recovery under his counterclaim for damages and storage costs *(see, Todisco v Econopouly,* 155 AD2d 441; *Bujas v Katz,* 133 AD2d 730).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.