■ HUGHES & HUGHES CONTRACTING CORP., Appellant, v FRANK COUGHLAN et al., Respondents. [609 NYS2d 43] —In an action, *inter alia,* for a judgment declaring that the plaintiff has a valid lien upon the defendants' premises in the principal amount of $42,610, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), entered April 19, 1991, which, *inter alia,* granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, which was not a licensed home improvement contractor, entered into an agreement with the defendants to perform repairs on their home which had been damaged in a fire. After the plaintiff allegedly completed the work and payment was not forthcoming, it filed a mechanic's lien and commenced this action. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that the plaintiff was not a licensed home improvement contractor when the work was performed.

Since the purpose of the regulatory scheme set forth in the Administrative Code of the City of New York §§ 20-385 and 20-387 is to protect the homeowner against abuses and fraudulent practices by persons engaged in the home improvement business, it is well settled that the lack of a license bars

recovery in either contract or quantum meruit *(see,* CPLR 3015 [e]; *Todisco v Econopouly,* 155 AD2d 441; *Millington v Rapoport,* 98 AD2d 765).

Furthermore, the fact that the homeowner was aware of the absence of a license or even that the homeowner planned to take advantage of its absence creates no exception to the statutory requirement *(see, Millington v Rapoport, supra).* Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.