■ NORMAN R. GRUTMAN et al., Respondents, v HERBERT W. KATZ, Appellant. [608 NYS2d 663] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about September 20, 1993, which granted renewal and reargument and, determining the prior motion de novo, denied defendant's motion for summary judgment, denied defendant's motion for an order striking plaintiffs' note of issue, and granted in part and denied in part defendant's motion for a protective order, unanimously modified, on the law, to the extent that plaintiffs are granted partial summary judgment as to liability on the first cause of action and the matter remanded for a trial on the issue of damages, and except as so modified, affirmed, without costs.

Plaintiff Grutman and defendant, having agreed to form a law partnership, signed a lease for certain office space. The partnership was not formed, and defendant moved out. Plaintiffs have brought this action for damages under the lease

agreement. One who signs an agreement on behalf of a nonexistent principal may himself be held liable on that agreement *(Brandes Meat Corp. v Cromer,* 146 AD2d 666, 667; *Imero Fiorentino Assocs. v Green,* 85 AD2d 419, 420-421). The customary indices of partnership are not prerequisites for liability. On a search of the record it is determined that plaintiffs are entitled to damages consequent on defendant's breach of his obligation as a signator to the lease, which damages plaintiffs have mitigated by subletting. Plaintiffs may prove the quantum of their damages on remand. Concur—Sullivan, J. P., Asch, Rubin, Nardelli and Williams, JJ.