■ WILLIAMS A. SORG et al., Appellants, v JAMES A. MARPLE et al., Respondents, et al., Defendants. [646 NYS2d 627] —In an action, *inter alia,* to foreclose mechanics' liens, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), dated October 23, 1995, which granted the motion of the defendants James A. Marple and Laura E. Colby pursuant to CPLR 3015 (e) and CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs performed certain home-improvement work on a single-family residence owned by the defendants James A. Marple and Laura E. Colby. A disagreement arose with respect

to the work, and the plaintiffs commenced this action to recover sums allegedly due in connection with the work.

The Supreme Court dismissed the complaint as to Marple and Colby pursuant to CPLR 3015 (e) on the ground that the complaint failed to allege that the plaintiffs were licensed home-improvement contractors pursuant to the Westchester County Administrative Code (hereinafter the Code). It is undisputed that the plaintiffs did not have a license under the Code. We affirm.

The record supports the conclusion that the plaintiffs were home-improvement contractors within the meaning of the Code (*see,* Westchester County Administrative Code § 863.312 [1]; § 863.313). Inasmuch as the complaint fails to contain an allegation that they were licensed contractors under the Code (*see,* Westchester County Administrative Code § 863.313), the court properly dismissed the complaint insofar as asserted against Marple and Colby (*see,* CPLR 3015 [e]; *Ellis v Gold,* 204 AD2d 261; *see also, B & F Bldg. Corp. v Liebig,* 76 NY2d 689, 693; *Matter of Scaturro v M.C.S. Landscape,* 212 AD2d 798, 799; *Ermont Assocs. v Battenfeld,* 210 AD2d 293; *Hughes & Hughes Contr. Corp. v Coughlan,* 202 AD2d 476, 477; *Millington v Rapoport,* 98 AD2d 765). Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.