■ In the Matter of JAMES A. MARPLE et al., Respondents, v WILLIAM A. SORG, Appellant. [646 NYS2d 543] —In a proceeding to vacate a mechanic's lien, William A. Sorg appeals (1) from an order of the Supreme Court, Westchester County (Fredman, J.), entered May 4, 1995, which vacated a mechanic's lien dated February 1, 1995, and (2) as limited by his brief, from so much of an order of the same court, entered August 17, 1995, as, upon granting his motion for reargument, adhered to the prior determination and granted the petitioners' cross motion to vacate two mechanics' liens, both dated May 9, 1995.

Ordered that the appeal from the order entered May 4, 1995, is dismissed, as that order was superseded by so much of the order entered August 17, 1995, made upon reargument as adhered to the prior determination; and it is further,

Ordered that the appeal from so much of the order entered August 17, 1995, as vacated two mechanics' liens both dated May 9, 1995, is dismissed as academic; and it is further,

Ordered that the order entered August 17, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The Supreme Court properly dismissed the appellant's mechanic's lien dated February 1, 1995 since the appellant failed either to commence an action to foreclose the lien, or to demonstrate why the lien should not be vacated for his failure to commence an action to foreclose the lien within 30 days of receipt of the petitioners' notice pursuant to Lien Law § 59.

The appellant also claims that the court erred by vacating two essentially identical liens, both dated May 9, 1995, which he filed shortly after the February 1, 1995, lien was dismissed, but before the applicable limitations period had expired. However, the appellant's claim has been rendered academic by virtue of our holding in a companion appeal (see, Sorg v Marple, 230 AD2d 841 [decided herewith]). In that case, we affirmed an

order dismissing the action commenced by the appellant to foreclose the two liens dated May 9, 1995, upon a finding that the appellant is a home-improvement contractor within the meaning of the Westchester County Administrative Code, and lacked the required contractor's license (*see,* Westchester County Administrative Code § 863.312 [1]; § 863.313). Inasmuch as the appellant cannot foreclose the mechanics' liens without a license (*see, Ellis v Gold,* 204 AD2d 261, 262), and since the foreclosure action based on the May 9, 1995, liens has now been dismissed, the appeal from so much of the August 17, 1995, order as vacated those liens must be dismissed as academic. Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.