■ FREDRICK LEE, Doing Business as PHOTOGRAPHY AND INTERIORS INTERNATIONAL, Appellant, v MARTIN SCHWEIZER et

al., Respondents. [751 NYS2d 517] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 25, 2001, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff, who was not a licensed home improvement contractor, entered into an agreement with the defendants Martin Schweizer and Setsuko Maruhashi (hereinafter the defendants) to perform repairs on their townhouse. When the defendants terminated the contract, the plaintiff commenced this action to recover damages for breach of contract. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the ground that the plaintiff was not a licensed home improvement contractor when the work was performed.

It is well settled that the lack of a license bars recovery in either contract or quantum meruit (*see* CPLR 3015 [e]; *Hughes & Hughes Contr. Corp. v Coughlan*, 202 AD2d 476, 477; *Todisco v Econopouly*, 155 AD2d 441; *Millington v Rapoport*, 98 AD2d 765). The plaintiff's contention that he is an interior designer is without merit. All interior design documents were prepared by the defendant Schweizer Design Associates. The plaintiff was referred to in the contract as "contractor" for general construction work. Further, the plaintiff subsequently obtained liability insurance as a general contractor. The Supreme Court therefore properly granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.