San Sung Korean Methodist Church v Professional USA Constr. Corp. (2004 NY Slip Op 50740(U))

[*1]

San Sung Korean Methodist Church v Professional USA Constr. Corp.

2004 NY Slip Op 50740(U)

Decided on February 5, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 5, 2004

Supreme Court, Queens County
SAN SUNG KOREAN METHODIST CHURCH OF NEW YORK
against
PROFESSIONAL USA CONSTRUCTION CORP., et al.
6613

James P. Dollard, J.
Upon the foregoing papers it is ordered that these motions are decided as follows:
Plaintiff San Sung Methodist Korean Church of New York is the owner of a parsonage building located at 57-40 58th Street, Maspeth, New York, which functions as a residence and dwelling for its pastor. The building is a two-story one family house, with a cellar and attic. On September 4, 2002 the church entered into an oral agreement with the defendants to renovate the parsonage and certain areas of the building housing the church. The initial written estimate was for [*2]$200,000, and plaintiff alleges that in mid-September 2002 the contract price was renegotiated to $175,000 for all work and materials. Plaintiff alleges that the parties orally agreed to a three month construction period, and that the written agreement contained a period of 150 days. It is alleged that between September 11, 2002 and December 18, 2002 plaintiff paid the defendants the sum of $175,000, and that as of January 11, 2003 the work was not completed. Plaintiff alleges that beginning November 19, 2002 defendants made several demands to be paid additional sums ranging from $20,000 to $50,000 for the completion of electrical, plumbing, heating and air conditioning work, and that the defendants threatened to stop working. In a letter received on January 28, 2003, defendants demanded that plaintiff pay the sum of $157,918 for work performed at the church premises. Plaintiff in a letter dated February 3, 2003 informed the defendants that they were in breach of contract, demanded that the work be completed, and offered to pay an additional $10,000 as a good faith gesture to reimburse bona fide expenses, if the project was completed by February 14, 2003. This deadline was extended twice until March 3, 2003. Defendants in a letter dated February 26, 2003 demanded $15,000 for tools allegedly damaged by rain. Defendants continued to demand additional sums of money for the completion of the work. As of March 3, 2003 the electrical work, plumbing, the installation of kitchen cabinets and sink, the renovation and repair of the attic, the installation of the gutters and the attachment of water pipes to outside sources had not been performed. Defendants were directed to vacate the premises and remove their belongings on March 3, 2003 and on March 4, 2003 defendants entered the premises, allegedly performed some work, took some photographs and retrieved their tools. Plaintiff commenced this action on March 17, 2003, and seeks to recover damages for breach of contract, negligence, fraud, prima facie tort and defamation. Defendants in their answer counterclaimed to recover damages for the reasonable value of work performed in addition to the amount contracted for; for the reasonable value of their work based on the doctrine of quantum meruit; for damage to tools which were left outside the premises; for interference with the contractual relationship with the corporation's employees; and for slander.
That branch of plaintiff's motion which seeks to dismiss defendant's first and second counterclaims to recover damages for breach of contract and in quantum meruit for the value of the work performed is granted. The court finds that the plaintiff church is a "person" and "owner" of the parsonage within the meaning of section 20-386 of the Administrative Code of the City of New York. The restoration work performed constitutes a home improvement as the parsonage is "used or is designed to be used as a residence or dwelling place" (Administrative Code of the City of New York, § 20-386[2]). Contrary to defendants' contentions there is no requirement that the pastor-tenant be living in the parsonage during the period that it undergoes renovation. Furthermore, to the extent that church and parsonage may be housed in the same building, the provisions of the Administrative Code remain applicable to that portion of the premises which are to be used as a dwelling or residence by the pastor. Inasmuch as defendants admit that they are not licensed home improvement contractors, they are barred from seeking recovery in either contract or quantum meruit for work performed in the parsonage regardless of whether the work was performed satisfactorily. (See, B & F Bldg. Corp. v Liebig, 76 NY2d 689; Richards Conditioning Corp. v Oleet, 21 NY2d 895; Durao Concrete, Inc. v Jonas, 287 AD2d 481; Hughes & Hughes Contracting Corp. v Coughlan, 202 AD2d 476; Mortise v 55 Liberty Owners Corp., 102 AD2d 719, affd 63 NY2d 743; [*3]Primo Construction, Inc. Stahl, 161 AD2d 516; Todisco v Econopouly, 155 AD2d 441; Chosen Constr. Corp. v Syz, 138 AD2d 284, 286.)
Plaintiff's request to dismiss defendants' third counterclaim to recover the sum of $15,000 for damage to their tools and equipment is granted. Defendant Jung Shik Son, in an affidavit submitted herein, states that plaintiff moved unidentified tools that had been left inside the parsonage after they stopped working "outside where they where they could be damaged by rain". Although defendants claim that their tools were damaged by exposure to the elements, they have consistently failed to identify the tools in question, have failed to demonstrate that any tools were damaged in any manner, and have failed to submit any evidence as to their value. The court further finds that the defendants' third counterclaim does not state a cause of action for conversion. The elements of a conversion are (1) intent, (2) interference to the exclusion of the owner's rights, and (3) possession or the right of possession in the plaintiff. (See, Meese v Miller, 79 AD2d 237.) In order to state a cause of action, a plaintiff must establish legal ownership of a specific identifiable piece of property and the defendant's exercise or interference with the property in defiance of the plaintiff's rights. (See, Ahles v Aztec Enterprises, Inc., 120 AD2d 903.) Defendants have not identified the specific tools, and in any event the mere removal of the tools from the interior of the parsonage to its exterior does not express an intent to exercise such control over the property as to interfere with the defendants' use and enjoyment of the property. Defendants do not allege, and have not established, that the plaintiff acted in any manner which prevented them from recovering their tools once they stopped work inside the premises.
Plaintiff's request to dismiss the defendants' fourth counterclaim for interference with defendant corporation's relationship with its employees is granted. Defendants' allege that plaintiff tortiously interfered with the defendant corporation's contractual rights vis a vis its employees who left defendant and went to work for plaintiff at a higher salary. In order to prevail, defendant must show (1) the existence of a valid contract between itself and its employees, (2) plaintiff's knowledge of that contract, (3) plaintiff's intentional inducement of employees to breach that contract, and (4) damages. (See, Murray v SYSCO Corp., 273 AD2d 760, 761). The mere inducement of an at will employee to join a competitor is not actionable, unless dishonest means are employed, or the solicitation is part of a scheme designed solely to produce damage. (See, Guard-Life Corp. v S. Parker Hardware Mfg. Corp., 50 NY2d 183, 191; Coleman & Morris v Pisciotta, 279 AD2d 656; Headquarters Buick-Nissan, Inc. v Michael Oldsmobile, 149 AD2d 302.) Here, the allegations concern at-will employees, and defendants have not met its burden of asserting that the plaintiff employed wrongful means, such as fraud, misrepresentation or threats to effect the termination of employment. (See, Lockheed Martin Corp. v Atlas Commerce Inc., 283 AD2d 801.)
Plaintiff's request to dismiss the defendants' fifth cause of action for defamation is granted. In order to establish a prima facie cause of action for defamation, it is necessary to prove (1) a defamatory statement of fact; (2) regarding the plaintiff [here the defendant]; (3) that the statement was published or broadcast to a third party by the defendant [here the plaintiff]; and (4) that the statement caused the plaintiff [here the defendants] to suffer damages. The counterclaim for defamation is based upon a memo written in Korean by the church's pastor concerning Professional [*4]USA Construction Corp., Jong Soon Son, Soon Jung Son, and Jung Sik Son, which was addressed to "more than 600 Ministers in the New York and New Jersey area". Although defendants allege that the memo was mailed to "600 ministers in the New York and New Jersey area" the counterclaim does not identify a single minister to whom the memo was mailed. Plaintiff's pastor Byoung Joon Lee states in an affidavit submitted herein that he drafted the memo and sent it to Mr. Son, and that he never sent this memo to anyone else. The individual defendants, in opposition to the within motion, now assert that the plaintiff made defamatory statements about them to two named individuals, a pastor and a reverend, who are associated with specific Korean churches in Queens County. These new allegations, however, are insufficient to establish publication, as defendants do not state that the memo was mailed by plaintiff to these third parties. Inasmuch, as the defendants are unable to establish the element of publication, the court declines to make any determination as to whether the alleged statement is subject to a qualified privilege.
Defendants' cross motion to dismiss the complaint as to the individual defendants is denied. The individual defendants assert that they were acting in "the corporate form" and that they never purported to be personally bound by the contract with the plaintiff. The documentary evidence submitted herein however establishes that there is no such corporation as Professional USA Construction Corp. and that the proper name of the corporation is Professional Construction U.S.A. Corp. However, the written agreement and the multi-page written estimate provided by the defendants all bear the name of Professional USA Construction Corp., a non-existent corporation. Since an individual who signs an agreement on behalf of a nonexistent principal may himself be held liable on the agreement (Grutman v Katz, 202 AD2d 293; Brandes Meat Corp. v Cromer, 146 AD2d 666; Fiorentino Assocs. v Green, 85 AD2d 419), Mr. Son, in his individual capacity, is the proper defendant in the action for breach of contract, negligence and fraud. The court notes that the use of the name Guak in the cause of action for fraud has been corrected in the plaintiff's bill of particulars. In addition, Mrs. Son, in her individual capacity, is the proper defendant for the causes of action for prima facie tort and defamation as it is alleged that she acted in her individual capacity. The court makes no determination at this time as to the merits of these claims.
In view of the foregoing, plaintiff's motion to dismiss the defendants' counterclaims is granted in its entirety, and defendants' cross motion to dismiss the complaint as to the individual defendants is denied. To the extent that defendants' seek leave to amend their answer, the court notes that such relief was not requested in the notice of motion and that the defendants have not submitted a proposed amended pleading. The court therefore declines to consider the request for leave to amend the answer.
Dated: February 5, 2004 
J.S.C.