■ BRITE-N-UP, INC., Appellant, v NEIKIE RENO, Respondent. [776 NYS2d 839]—

In an action, inter alia, to recover in quantum meruit for the value of work, labor, services, and materials, and based upon an account stated, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated May 5, 2003, as granted the defendant's motion for summary judgment dismissing the complaint and denied those branches of its cross motion which were for summary judgment dismissing the defendant's first counterclaim to recover damages for breach of contract and to strike the affirmative defenses interposed in the defendant's answer.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was to dismiss the first counterclaim and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant established her entitlement to judgment as a

matter of law and the plaintiff failed to raise a triable issue of fact. The contract in issue fell within the definition of a home improvement contract (*see Mortise v 55 Liberty Owners Corp.*, 102 AD2d 719 [1984], *affd* 63 NY2d 743 [1984]). Since the plaintiff was not licensed pursuant to Administrative Code of the City of New York § 20-387 at the time that the contract was entered into and the work was performed, the contract was unenforceable (*see B&F Bldg. Corp. v Liebig*, 76 NY2d 689, 691-692 [1990]). The lack of a license also bars recovery of damages for breach of contract or in quantum meruit (*see B&F Bldg. Corp. v Liebig, supra*; *Hughes & Hughes Contr. Corp. v Coughlan*, 202 AD2d 476 [1994]).

However, the defendant's first counterclaim to recover "the difference between the contract price and the actual cost to complete the job" must be dismissed. In these circumstances the contract is rescinded and generally "[t]he parties . . . should be left as they are" (*Segrete v Zimmerman*, 67 AD2d 999, 1000 [1979]; *see Goldstein v Gerbano*, 158 AD2d 671 [1990]; *Allen v Miller*, 1 Misc 2d 102 [1955]). Although a homeowner may seek restitution for payments actually made for work which was not performed or for defective work (*see Goldstein v Gerbano, supra*; *Allen v Miller, supra*), the defendant's conclusory assertions were insufficient to raise a triable issue of fact as to whether she was entitled to restitution.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.