■ SAN SUNG KOREAN METHODIST CHURCH OF NEW YORK, Respondent, v PROFESSIONAL USA CONSTRUCTION CORP. et al., Appellants. [789 NYS2d 65]—

In an action, inter alia, to recover damages for breach of contract, negligence, and fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated February 5, 2004, as granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendants' first and second counterclaims and denied those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's first, second, and third causes of action insofar as asserted against the defendant Jung Shik Son.

Ordered that the appeals by the defendants Professional USA Construction Corp. and Soon Jung Moon, also known as Soon Jung Son from so much of the order as denied those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's first, second, and third causes of action insofar as asserted against the defendant Jung Shik Son are dismissed, as those defendants are not aggrieved by that portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff entered into an agreement with the defendants for the renovation of a one-family residence it owned in Maspeth. The defendants did not have a license to perform home improvements pursuant to the Administrative Code of City of New York § 20-387 at the time the contract was entered into and the work was performed. Thus, "the contract was unenforceable" (*Brite-N-Up, Inc. v Reno,* 7 AD3d 656, 657 [2004]). As "[t]he lack of a license also bars recovery of damages for breach of contract or in quantum meruit" (*id.* at 657), the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendants' first and second counterclaims to recover damages for breach of contract and in quantum meruit (*see Price v Close,* 302 AD2d 374 [2003]; *Hughes & Hughes Contr. Corp. v Coughlan,* 202 AD2d 476 [1994]).

The Supreme Court also properly denied those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's first, second, and third causes of action to recover damages for breach of contract, negligence, and fraud, respectively, insofar as asserted against the defendant Jung Shik Son (hereinafter Son). In opposition to the defendants' establishment of prima facie entitlement to judg-

ment as a matter of law, the plaintiff raised a triable issue of fact by demonstrating that the corporation with which it contracted did not exist under the name used by the defendants. "One who signs an agreement on behalf of a nonexistent principal may himself be held liable on that agreement" (*Grutman v Katz,* 202 AD2d 293, 294 [1994]). The argument raised by Son for the first time on this appeal, that the words of the corporate defendant's name were inadvertently transposed, is unpreserved for appellate review. In any event, an issue of fact exists as to whether Son's use of the name "Professional USA Construction Corp.," rather than "Professional Construction U.S.A., Corp.," the actual name given to the corporation he created in 1999, was inadvertent, thus precluding dismissal of those causes of action. Accordingly, those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's first, second, and third causes of action were properly denied. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur. [*See* 4 Misc 3d 1006(A), 2004 NY Slip Op 50740(U).]