SPRING VALLEY IMPROVEMENTS, LLC, Appellant, v TONY ABAJIAN et al., Respondents. [835 NYS2d 638]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered November 28, 2005, which, after a nonjury trial, is in favor of the defendants Tony Abajian, Berj Abajian, and Diamond & Jewelry Center, LLC, and against it, directing dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Although a person entering into a contract on behalf of a nonexistent corporate entity may be held personally liable on

the contract (*see Metro Kitchenworks Sales, LLC v Continental Cabinets, LLC,* 31 AD3d 722, 723 [2006]; *San Sung Korean Methodist Church of N.Y. v Professional USA Constr. Corp.,* 14 AD3d 501, 503 [2005]; *Grutman v Katz,* 202 AD2d 293, 294 [1994]; *Bay Ridge Lbr. Co. v Groenendaal,* 175 AD2d 94, 96 [1991]; *Clinton Invs. Co., II v Watkins,* 146 AD2d 861, 862-863 [1989]; *Brandes Meat Corp. v Cromer,* 146 AD2d 666, 667 [1989]; 14 NY Jur 2d, Business Relationships § 96), here, the plaintiff failed to make out a prima facie case at trial that the defendants Tony Abajian and Berj Abajian were liable under this theory. The plaintiff failed to adduce evidence sufficient to demonstrate that the Abajians wrongfully purported to act on behalf of a nonexistent corporation (*cf. Clinton Invs. Co., II v Watkins, supra; Imero Fiorentino Assoc. v Green,* 85 AD2d 419, 420-421 [1982]). We decline to disturb the trial court's determination after the nonjury trial (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Islamic Ctr. of Harrison v Islamic Science Found.,* 262 AD2d 362, 363 [1999]).

The plaintiff's remaining contentions are improperly raised for the first time on appeal or without merit. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.