*855 OPINION OF THE COURT
Michael D. Stallman, J.
It is ordered that the motion for summary judgment dismissing the complaint by defendants Polsky and Chukwulozie is granted, and the complaint is severed and dismissed, and the Clerk is directed to enter judgment in defendants’ favor accordingly, and the second counterclaim of defendant Interior Design Flooring Corporation is dismissed; and it is further ordered that the notice of pendency of Vanguard Construction & Development Co., Inc., filed with the County Clerk of New York County on April 27, 2007, and the notice of pendency of Interior Design Flooring Corporation, filed with the County Clerk of New York County on March 19, 2007, against property known as 206 West 17th Street, Unit 5N, New York, New York, also known as block 766, lot 1305 on the land and tax map of the County of New York, are hereby vacated, and the Clerk is directed to make the appropriate notations; and it is further ordered that plaintiffs cross motion to dismiss the counterclaims of Polsky and Chukwulozie is denied.
The complaint does not plead that plaintiff was a duly licensed home improvement contractor during the performance of defendants’ construction project, as required under CPLR 3015 (e). Plaintiff concedes that it was an unlicensed home improvement contractor during the project (Strauss opp aff ¶ 5), which is in violation of section 20-387 (a) of the Administrative Code of the City of New York. “[P]ublic policy prohibits an unlicensed home improvement contractor from recovering for breach of contract or in quantum meruit.” (Matter of Metrobuild Assoc., Inc. v Nahoum, 51 AD3d 555, 556 [1st Dept 2008].) Therefore, plaintiff “cannot recover any further payments from the [defendants] either under the contract or in quantum meruit, and it forfeited the right to foreclose a mechanic’s lien.” (Matter of Ashmawy v L.I. Dock & Bulkhead Corp., 251 AD2d 500, 501 [2d Dept 1998].)
“The fact that the homeowner was aware of the absence of a license or even that the homeowner planned to take advantage of its absence creates no exception to the statutory requirement .... Just as a party may not waive a statute enacted for his benefit if such waiver contravenes public policy . . . , estoppel may not be relied upon to reward a practice which violates public policy as prescribed by the Administrative Code.” (Millington v Rapoport, 98 AD2d 765, 766 [2d Dept 1983].)
*856 Contrary to plaintiffs argument, the motion for summary judgment by defendants Polsky and Chukwulozie is not untimely. A party may bring a motion for summary judgment after joinder of issue (CPLR 3212 [a]), and a motion to dismiss for failure to state a cause of action can be made at any time. (Chuqui v Church of St. Margaret Mary, 39 AD3d 397, 397 [1st Dept 2007].)
Therefore, the branch of defendants’ motion for summary judgment dismissing the complaint is granted, and the notice of pendency that plaintiff filed with the County Clerk is vacated. Like plaintiff, defendant Interior Design Flooring Corporation, a subcontractor, did not plead that it was a licensed home improvement contractor during the time when services were rendered. Thus, its second counterclaim against all parties, for foreclosure of a mechanic’s lien, is dismissed, and its notice of pendency is also vacated.
The branch of defendants’ motion to vacate the notice of pendency filed by codefendant J Rapaport Flooring is denied, without prejudice to renewal upon evidence from the Department of Consumer Affairs as to whether this codefendant is licensed. The affirmation of defendants’ attorney, who claims that the firm inquired as to the licensing status of this codefendant, appears not to be based on personal knowledge, and in any event, would be based on hearsay. Although this codefendant did not plead whether it was a licensed home improvement contractor, such pleading was not required because this codefendant does not assert a cause of action against defendants Polsky and Chukwulozie.
Turning to the cross motion, plaintiff argues that the counterclaims for breach of contract must be dismissed, citing Brite-N-Up, Inc. v Reno (7 AD3d 656 [2d Dept 2004]). In Brite-N-Up, Inc., the Appellate Division, Second Department, ruled that, when a contract is entered into with an unlicensed contractor, “the contract is rescinded and generally ‘[t]he parties . . . should be left as they are’ ” (Brite-N-Up, Inc., 7 AD3d at 657 [citation omitted]). Thus, the Appellate Division, Second Department, dismissed the owner’s counterclaim to recover the difference between the contract price and the actual cost of completion. However, the result in Brite-N-Up, Inc. runs contrary to the more recent decision of the Appellate Division, Second Department, in San Sung Korean Methodist Church of N.Y. v Professional USA Constr. Corp. (14 AD3d 501 [2d Dept 2005]).
Citing Brite-N-Up, Inc., the Appellate Division, Second Department, in San Sung Korean Methodist Church of N.Y., *857 granted the plaintiffs motion for summary judgment dismissing the defendants’ counterclaims to recover damages under the theories of breach of contract and quantum meruit, because the defendants were not licensed contractors. However, the Appellate Division ruled that the Supreme Court properly denied the branch of defendants’ cross motion for summary judgment dismissing plaintiffs causes of action to recover damages for breach of contract and negligence, as asserted against the individual defendant. Given that the Appellate Division, Second Department, found that defendants were unlicensed contractors, one would have expected that, in San Sung Korean Methodist Church of N.Y., the Appellate Division, which cited BriteN-Up, Inc. with approval, would have granted defendants summary judgment dismissing the plaintiff’s causes of action. Thus, it is unclear whether the holding in Brite-N-Up, Inc., that a contract with an unlicensed contractor is deemed rescinded, remains good law.
The Court of Appeals has held that a homeowner’s contract with an unlicensed home improvement contractor is unenforceable, as opposed to rescinded. (B & F Bldg. Corp. v Liebig, 76 NY2d 689, 691 [1990].) An unenforceable contract is not synonymous with a contract that is rescinded. When a contract is rescinded, the “effect is ‘to declare the contract void from its inception and to put or restore the parties to status quo.’ ” (Symphony Space v Pergola Props., 214 AD2d 66, 80 [1st Dept 1995] [citation omitted].) By contrast, where public policy renders the contract unenforceable vis-á-vis the unlicensed home improvement contractor, the effect of unenforceability upon the parties is different from the effects of rescission. Restatement (Second) of Contracts (§ 181, Comment d, Illustration 5) states that
“[s]ince the ordinance was enacted to protect a class of persons to which B [homeowner] belongs against a class to which A [unlicensed contractor] belongs, enforcement of A’s promise is not precluded on grounds of public policy and B [homeowner] can recover damages from A [unlicensed contractor] for breach of contract.”
Following the Restatement, this court denies plaintiff’s cross motion for summary judgment dismissing defendants’ counterclaims.