IMERO FIORENTINO ASSOCIATES, INC., Appellant, v EDWARD
V. GREEN et al., Respondents.

First Department, March 16, 1982

APPEARANCES OF COUNSEL

*George L. Selden* of counsel (*Smith, Steibel, Alexander &
Saskor, P. C.,* attorneys), for appellant.

*Theodore J. Mlynarski, Jr.,* of counsel (*Night, Keller &
Mlynarski,* attorneys), for respondents.

OPINION OF THE COURT

MURPHY, P. J.

Plaintiff's executive vice-president, Linda K. Hobkirk,
and defendant Edward V. Green signed a letter agreement

dated February 15, 1980. Defendant Green signed on behalf of "Ed Green Associates". Under that letter agreement, plaintiff furnished lighting equipment, services and personnel for a video tape production at Lake Placid. At the request of Hill-Eubanks, Inc. (also known as Hill-Eubanks Group), the producer of the show, plaintiff subsequently supplied additional lighting services not covered by the letter agreement. To date, plaintiff has not been able to recover from either Hill-Eubanks, Inc., or the instant defendant.

In opposition to the plaintiff's motion for summary judgment, defendant Edward V. Green has submitted an affidavit that is totally lacking in merit on the principal issue of liability.

■ First, defendant Green states that he did not know he was signing a letter agreement and that he did not intend to be bound thereby. An individual who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of the other contracting party, is conclusively presumed to know its contents and to assent to them. (*Metzger v Aetna Ins. Co.,* 227 NY 411, 416.) Thus, Edward V. Green cannot validly contend that he was unaware that he was signing a contract or that he did not understand its terms.

■ Second, defendant Green emphasizes that plaintiff's representative, Hobkirk, admits that she really does not know with whom she contracted. He further emphasizes that "Edward V. Green Associates" and "Ed Green Associates" are nonexistent entities. Defendant Green does not state whether he signed the letter agreement individually or as an officer of the corporate defendant. The plaintiff does not know with whom she contracted because she was purposely misled by the manner in which defendant Green signed the letter agreement; he deliberately signed on behalf of a nonexistent entity, "Ed Green Associates". To complicate matters further, defendant Green refuses to admit on whose behalf he did sign. Through his evasive affidavit, Green hopes to perpetuate his fraudulent course of conduct and, in the end, to defeat all recovery by the plaintiff. Since the individual defendant admits that he signed on behalf of a nonexistent principal, he is individu-

ally liable under the letter agreement. (*Puro Filter Corp. of Amer. v Trembley,* 266 App Div 750.)

■ Third, defendant Green also avers that Hill-Eubanks, Inc., hired the plaintiff to perform the various lighting services and that it is solely responsible for any moneys owed. It is unnecessary to resolve in this action whether Hill-Eubanks, Inc., may be jointly and severally liable for the services rendered. The fact remains that defendant Green, as discussed above, is liable upon his signature. Moreover, Green does not deny that Hill-Eubanks, Inc., had both real and apparent authority to bind both defendants when it requested the additional services from the plaintiff.

■ Fourth, the record also contains a letter agreement, dated February 16, 1980, between the corporate defendant and Lake Placid 1980 Olympic Games, Inc. This agreement reveals that the corporate defendant was to be the prime developer of the production at Lake Placid. In the absence of any denial by defendant Green, it is fair to infer that the corporate defendant not only ratified the letter agreement between plaintiff and Green, but it also accepted the plaintiff's equipment and services for use in the production. For these reasons, the corporate defendant is also responsible to the plaintiff.

In the context of his affidavit that is evasive and less than candid, defendant Green's assertion as to the deficiencies in plaintiff's performance would clearly appear to be a belated attempt to defeat summary judgment. Even if it were assumed that part of plaintiff's performance was deficient or duplicative, it would still be entitled to recover a substantial portion of the $16,594.85 now sought. The plaintiff should be awarded partial summary judgment on the issue of liability under the first and second causes. The matter should then be remanded for an assessment to determine the reasonable value of the equipment and services actually provided by plaintiff and used by the defendants. At the assessment, defendants may be credited with a setoff for any deficiency in plaintiff's performance.

Accordingly, the order of the Supreme Court, New York County (PECORA, J.), entered November 19, 1980, denying plaintiff's motion for summary judgment, should be re-

versed, on the law, partial summary judgment should be granted on the first and second causes, and the matter should be remanded for an assessment of damages, with costs.

MARKEWICH, J. (dissenting). The factual background of this appeal presents, almost paradoxically, a complicated picture, actually capable of easy solution. It is complicated because, in the dealings found here, no attempt was made by either party to distinguish between the individual defendant, and a corporation bearing his name, and also some third entity which, if it exists at all, is either an assumed trade name or a partnership. Indeed, an uncertain plaintiff has sued *both* the corporation and the individual. To add to the complication, the individual asserts that a paper he signed, in what appears to be his capacity as a corporate officer, was not known to him to be a contract, nor did he possess authority to commit the corporation. Plaintiff has candidly confessed in an affidavit of its executive vice-president that it does not know which of the two defendants sued is liable for the debt.[*] Such a situation would seem to call for immediate discovery to establish which defendant is liable, which may be ascertained on discovery in half a dozen questions. Instead, plaintiff has moved for summary judgment against *both* defendants indiscriminately, and the majority would grant the motion — also indiscriminately.

As far back as 1922 in the first case then coming to the attention of this court after enactment of the then new summary judgment rule, 113 of the Rules of Civil Practice, we stated: "The court is not authorized to try the issue, but is to determine whether there is an issue to be tried." (*Dwan v Massarene,* 199 App Div 872, 879; see, also, Shientag, Summary Judgment, ch 10.) This has been the rule ever since, repeated and refined again and again. (See, e.g., *Esteve v Abad,* 271 App Div 725; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Marshall, Bratter, Greene, Allison & Tucker v Mechner,* 53 AD2d 537 [No.

---

* "Plaintiff does not know which defendant is liable on the agreement, but submits that defendants cannot claim that neither is liable." This presents a new concept: summary judgment may be granted while an open factual question is left hanging in the air.

13].) What has happened here, however, is that the court has endeavored to decide the issue of fact as to which defendant is liable by the simple process of ignoring it and holding by some form of telepathy that both are jointly and indiscriminately liable.

There *is* an issue of fact inherent in the moving papers themselves: the admission of doubt as to which defendant is liable. To that extent those papers are defective, not stating a clear case against either defendant, and summary judgment should therefore have been denied. The majority here sees no problem in this, ignoring the defect, and granting relief despite an unascertained necessary predicate to recovery, i.e., who is responsible for the debt?

The court, in completely ignoring the existence of this issue, has remanded it for assessment summarily as though the assertion of nonliability on the part of a defendant is *ipso facto* a species of fraud. The issue is not so lightly to be brushed aside. In the circumstances, the question of the capacity in which one individual has dealt with another and signed a document may only be resolved by parol evidence. (See *Sullivan County Wholesalers v Sullivan County Dorms,* 59 AD2d 628; *Barden & Robeson Corp. v Ferrusi,* 52 AD2d 1061; *Citibank Eastern, N. A. v Minbiole,* 50 AD2d 1052, 1053.)

Thus the court is not actually deciding the issue at all. It simply ignores it. It is as if it is saying: "Let the defendants worry; they know who is liable and whoever is will pay the judgment."

The decision of Special Term should be affirmed, and the parties directed to proceed to discovery by plaintiff of defendants to ascertain once and for all, before fixing liability, what party is actually liable.

KUPFERMAN and SULLIVAN, JJ., concur with MURPHY, P. J.; MARKEWICH and LYNCH, JJ., dissent in an opinion by MARKEWICH, J.

Order, Supreme Court, New York County, entered on November 19, 1980, reversed, on the law, partial summary judgment granted on the first and second causes, and the

matter remanded for an assessment of damages. Appellant shall recover of respondents $75 costs and disbursements of this appeal.