■ BRANDES MEAT CORP., Appellant, v EDWARD J. CROMER, III, Individually and Doing Business as CROMER'S MEAT MARKET, and as CROMER'S SOUTHAMPTON MARKET, Respondent.—In an action to recover, *inter alia,* on an account stated, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Saladino, J.), dated September 28, 1987, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the settlement of a judgment in favor of the plaintiff and against the defendant Edward J. Cromer, III, individually, in the principal sum of $15,645.89, together with appropriate costs and disbursements.

The affidavits submitted in connection with the plaintiff's motion for summary judgment establish that in 1984 and 1985 certain "meats, provisions, goods and supplies", reasonably worth $15,645.89, were furnished by the plaintiff to the defendant. The defendant acknowledged that he personally received these goods at 868 Washington Street, New York, and that he signed various invoices reflecting the delivery of these goods to him. The defendant also acknowledged that the plaintiff was owed the sum of $15,645.89.

The sole basis for the defendant's opposition to the plaintiff's motion was based on his assertion that he had been conducting business as an agent for a corporation named "Edward J. Cromer, Inc." However, it appears that this corporation was dissolved in 1981 pursuant to Tax Law § 203-a and that this dissolution has not been annulled. Since the parties' affidavits reveal the existence of no material question of fact, we reverse the order of the Supreme Court and grant summary judgment to the plaintiff.

Upon its dissolution in 1981, Edward J. Cromer, Inc. was authorized to conduct business only to the extent necessary to wind up its affairs *(see,* Tax Law § 203-a [10]; Business Corporation Law §§ 1009, 1005 [a] [1]; *172 E. 122 St. Tenants Assn. v Schwarz,* 136 AD2d 370; *Lorisa Capital Corp. v Gallo,* 119 AD2d 99, 109-110). The plaintiff's sale to the defendant of

certain goods in 1984 and 1985 was clearly not a transaction relating to the winding up of the corporation's affairs and the corporation therefore lacks the capacity to sue or to be sued in connection with that transaction *(see,* 15 NY Jur 2d, Business Relationships, § 1193). The defendant, in effect, purported to act on behalf of a corporation which had neither a de jure nor a de facto existence *(see, Lorisa Capital Corp. v Gallo, supra,* at 110-111; *Brady v State Tax Commn.,* 176 Misc 1053, *affd* 263 App Div 955), and he is therefore personally responsible for the obligations which he incurred *(see, Fuller v Rowe,* 57 NY 23, 26; *Fiorentino Assocs. v Green,* 85 AD2d 419, 420-421; *Puro Filter Corp. v Trembley,* 266 App Div 750; *Worthington v Griesser,* 77 App Div 203; *Conway v Samet,* 59 Misc 2d 666, 669; *Poritzky v Wachtel,* 176 Misc 633; 15 NY Jur 2d, Business Relationships, § 1026, at 287; 8 Fletcher, Cyclopedia of Corporations §§ 3761, 3820 [perm ed]).

In concluding that no material issue of fact exists in the present case, we have considered the certificate issued by the Secretary of State, dated January 6, 1987, which substantiates the assertion made by the plaintiff's attorney in the Supreme Court, that Edward J. Cromer, Inc. was dissolved by proclamation in 1981. We recognize, of course, the general rule that documents which were not submitted to the court of original instance may not be considered on appeal *(see, e.g., Mi Suk Buley v Beacon Tex-Print,* 118 AD2d 630; *Broida v Bancroft,* 103 AD2d 88). This rule, however, is subject to certain exceptions. It has long been the law that an incontrovertible official document, even though it is dehors the record, may be considered on appeal for the purposes of sustaining a judgment *(see, Dunham v Townshend,* 118 NY 281, 286; *State of New York v Peerless Ins. Co.,* 117 AD2d 370, 374; *Kirp v Caleb's Path Realty Corp.,* 19 AD2d 744). The Court of Appeals has also recognized a narrow exception, which allows the consideration, on appeal, of reliable documents, the existence and accuracy of which are not disputed, even for the purposes of modifying or reversing the order under review *(see, Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 298-299; *see also, Zouppas v Yannikidou,* 16 AD2d 52, 54; *Felice v St. Agnes Hosp.,* 65 AD2d 388, 401-402 [Suozzi, J., concurring in part and dissenting in part]). Also, this court may, in general, take judicial notice of matters of public record *(see, e.g., Rex Paving Corp. v White,* 139 AD2d 176, 183, n 2; *People ex rel. Glidden v Nemier,* 133 AD2d 487, 489; *Matter of Hartman v Joy,* 47 AD2d 624; *Matter of Sunhill Water Corp. v Water Resources Commn.,* 32 AD2d 1006, 1008; *Sease v Central*

*Greyhound Lines,* 281 App Div 192, *revd on other grounds* 306 NY 284).

In the present case, the defendant's argument on appeal is that the order under review should be affirmed "in view of the plaintiff-appellant's complaint". The defendant's sole contention is that the plaintiff's complaint must be amended so as to allege the previous existence, and subsequent dissolution of Edward J. Cromer, Inc. before he may be held personally liable. We find the defendant's failure to dispute the accuracy of the certificate of the Secretary of State to amount to a concession of its accuracy and that the subject corporation had in fact been dissolved a number of years prior to the transactions upon which this action is based.

The plaintiff is therefore entitled to payment for the goods which it sold to the defendant. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.