**AMERICAN AIRLINES, INC., Plaintiff,**

v.

**AMERICAN COUPON EXCHANGE, INC., Neil Weisman, Carl Weisman, David Weisman, Sy Weisman and Joseph Grundy, Defendants.**

**No. 88 Civ. 6068.**

United States District Court, S.D. New York.

Sept. 19, 1989.

Weil, Gotshal & Manges, New York City (Richard A. Rothman, of counsel), for plaintiff.

Wilner & Associates, P.C., New York City (Lee S. Gayer, of counsel), for defendants.

## OPINION AND ORDER

OWEN, District Judge:

Defendant American Coupon Exchange (ACE) buys frequent flyer coupons from individuals enrolled in plaintiff American Airlines, Inc.'s AAdvantage frequent flyer program and sells these coupons to other, unrelated individuals at a discount. Although frequent flyers may designate anyone as the recipient of a ticket the frequent flyer has obtained through accrued mileage, plaintiff's rules and AAdvantage claim form prohibit frequent flyers from purchasing, selling or bartering such travel rights; plaintiff's rule book, claim form and other documents declare that any such transfers for consideration are void, see Exhibits A and B of DiNuzzo Affidavit.

Plaintiff's complaint alleges, *inter alia,* defendants' tortious interference with contract and defendants' conspiracy to commit fraud and aiding and abetting fraud based on defendant's procurement and sale of frequent flyer travel rights. Defendants move under Fed.R.Civ.P. 12(b) to dismiss the claims asserted against the individual corporate defendants and to dismiss the fraud cause of action against all defendants. They also assert that plaintiff fails to plead fraud with the requisite particularity under Fed.R.Civ.P. 9(b); finally, they move to strike plaintiff's prayer for punitive damages.

Assuming for purposes of the instant motion to dismiss that plaintiff's claims are true, it has alleged sufficient facts to sustain its fourth cause of action, and to hold defendants accountable for their alleged improper conduct. The complaint sufficiently alleges that defendants "formulated, agreed upon, and carried out a common scheme to defraud American of money and valuable services (a) by aiding and abetting and inducing AAdvantage members and others in fraudulently obtaining and redeeming AAdvantage awards; (b) by fraudulently procuring and offering for sale AAdvantage award certificates which may be redeemed for free and discount travel on American; and (c) by advising the purchasers of such fraudulently obtained AAdvantage awards to make material misrepresentations to American." Complaint at ¶ 49. Thus plaintiffs allege that defendants committed fraud themselves and that defendants conspired to aid and abet others to commit fraud against American. In order to allege fraudulent concealment of material facts, American must show "(1) a relationship between the contracting parties that creates a duty to disclose; (2) knowledge of the material facts by the party bound to make such disclosures; (3) non-disclosure; (4) scienter; (5) reliance; and (6) damage." *Leasing Service Corp. v. Broetje,* 545 F.Supp. 362, 366 (S.D.N.Y. 1982).

■ Although plaintiff cannot and does not allege a contractual relationship between itself and defendants which would give rise to an action for fraud against defendants, the complaint contains sufficient allegations of the existence of a contractual relationship between plaintiffs and frequent flyers who sold their travel rights, as well as the other elements noted above, to sustain an underlying fraud claim [1] which, in turn, supports plaintiff's theory that defendant aided and abetted the frequent flyers to defraud it. *See Demalco Ltd. v. Feltner*, 588 F.Supp. 1277, 1278 (S.D.N.Y.1984); *Polyglycoat Corp. v. C.P.C. Distributors, Inc.*, 534 F.Supp. 200, 204 (S.D.N.Y.1982). *But cf. Metropolitan Transportation Authority v. Triumph Advertising Productions, Inc.*, 116 A.D.2d 526, 497 N.Y.S.2d 673, 675 (1st Dep't 1986). In addition, the fraud claim is alleged with sufficient particularity under Fed.R.Civ.P. 9(b) to withstand defendants' motion to dismiss on this basis, since it identifies the time, place and content of the alleged fraud. *See Luce v. Edelstein*, 802 F.2d 49, 54–55 (2d Cir.1986).

■ The individual defendants' motion to dismiss claims against them also is denied. A corporate officer or employee who participates in a tort while acting in the course of his or her corporate duties may be held individually liable. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir.1981); *Polyglycoat, supra*, 534 F.Supp. at 204. American alleges that the individual defendants personally participated in defrauding them and that they and the corporate defendant engaged in tortious interference with contract. The complaint and the incorporated exhibits support such allegations of personal involvement in these wrongdoings to withstand dismissal as to all.

Finally, defendants' motion to strike the claim for punitive damages is denied at this time. There is arguably a wilful fraud

here, which if not checked could result in the end of benefits for many, not to mention loss of income to plaintiff, making deterrence appropriate. *See Brink's, Inc. v. New York*, 546 F.Supp. 403, 412–13 (S.D.N.Y.1982), *aff'd*, 717 F.2d 700 (2d Cir.1983).

The foregoing is so ordered.

---

**1.** Defendants argue that the absence of a fiduciary relationship between American and the frequent flyers defeats fraudulent concealment. However, if a contracting party conceals a material fact (here, sale of travel rights in violation of frequent flyer program rules) which should

in good faith be disclosed and of which he has superior knowledge, such allegations form the basis of a fraud claim. *See Tahini Investments, Ltd. v. Bobrowsky*, 99 A.D.2d 489, 470 N.Y.S.2d 431 (2d Dep't 1984); *State v. General Motors Corp.*, 120 Misc.2d 371, 466 N.Y.S.2d 124 (1983).