■ BAY RIDGE LUMBER CO., INC., et al., Respondents, v PETER GROENENDAAL et al., Appellants.—In an action to recover damages for goods allegedly sold and delivered, (1) the defendants appeal from a judgment of the Supreme Court, Kings County (Williams, J.), entered May 11, 1989, which is in favor of the plaintiffs and against them pursuant to CPLR 3126 (3), and (2) the defendants Peter Groenendaal and Joyce Groenendaal further appeal from an order of the same court, dated October 11, 1989, which denied as academic their motion for summary judgment. The appeal from the judgment brings up

for review that portion of an intermediate order of the same court, dated August 15, 1988, as added Peter Groenendaal and Joyce Groenendaal as parties defendant to the action.

Ordered that the judgment is modified, by deleting the provisions thereof adverse to the defendant Joyce Groenendaal, and substituting therefor a provision reinstating her answer and counterclaims; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the complaint insofar as the action is against Joyce Groenendaal; and it is further,

Ordered that the order dated October 11, 1989, is modified, by deleting the provision thereof denying as academic Joyce Groenendaal's motion for summary judgment and substituting therefor a provision reinstating that branch of the motion seeking summary judgment on her behalf; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of that branch of the motion; and it is further,

Ordered that the plaintiffs' time to submit papers in opposition to the branch of the motion which is for summary judgment on behalf of the defendant Joyce Groenendaal is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The striking of the answer and counterclaims of the corporate defendants and Peter Groenendaal, pursuant to CPLR 3126 (3), was a proper exercise of the court's discretion given Peter Groenendaal's willful failure to permit the plaintiffs to conduct a meaningful oral examination of him in his capacities as an individual defendant as well as an officer of the defendant corporations (see, Homburger v Levitin, 130 AD2d 715, 717). However, Peter Groenendaal's recalcitrant behavior may not be imputed to the individual defendant Joyce Groenendaal. Accordingly, it was error to grant the application with respect to this latter defendant and the judgment must be modified by deleting the provisions thereof adverse to her.

Similarly, although the motion for summary judgment made by the defendants Peter Groenendaal and Joyce Groenendaal became academic upon the striking of their pleadings and entry of judgment against them, since Joyce Groenendaal's pleadings must be reinstated, the motion for summary judgment is no longer academic with respect to her. Accordingly, the order denying the motion for summary judgment is

hereby modified to the extent of reinstating the motion insofar as it is made on her behalf, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The court did not err in granting the application to add to the action as individual parties the defendant Peter Groenendaal and Joyce Groenendaal. Since these individuals are alleged to have acted on behalf of an apparently nonexistent corporation, "Adcon Corporation," they could be held personally liable for the obligations incurred in the name of "Adcon Corporation" (see, Brandes Meat Corp. v Cromer, 146 AD2d 666, 667; Puro Filter Corp. v Trembley, 266 App Div 750; see also, 3 NY Jur 2d, Agency, § 280; 15 NY Jur 2d, Business Relationships, § 1027). Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.