■ HERALD HOTEL ASSOCIATES, Appellant, v RAMADA FRANCHISE SYSTEMS, INC., et al., Respondents, et al., Defendants. [595 NYS2d 28] —Order, Supreme Court, New York County (Carol Huff, J.), entered October 27, 1992, which, *inter alia,* dismissed certain causes of action and granted partial summary judgment to defendants, unanimously modified, on the law, to the extent of reinstating the third and fourth causes of action, sounding in tortious interference with contract, against defendant Silverman, and the eleventh and twelfth causes of action, sounding in unjust enrichment, against defendant Ramada, and otherwise affirmed, without costs.

Plaintiff brought suit to recover damages based upon defendant Ramada's alleged breach of a preliminary agreement entered into by the parties with respect to plaintiff's purchase of a Ramada Hotel franchise. The IAS Court found the agreement to be enforceable and that a material term thereof was a grant of geographic exclusivity. Subsequent to Ramada's submission of a draft licensing agreement to plaintiff, Ramada went through successive changes of corporate ownership, and defendant Silverman became a principal in each of the several layers of new corporate ownership. Ramada failed to finalize the licensing agreement, and instead defendant Hospitality, and then Ramada, sought to enter franchising agreements with the nearby Penta Hotel, which was within the exclusive territory previously granted to plaintiff under the draft agreement and its attendant preliminary agreement. For the purposes of the instant motion, the evidence supports a conclusion that Silverman was the key actor in arranging the franchise agreement with the Penta, and abrogating the same as to plaintiff, acting on behalf of not only Ramada, but also on behalf of Hospitality as well as in his own best interests. As a corporate officer who acted tortiously, he may be held accountable, regardless of whether he acted in furtherance of the interests of either corporation *(see, Polyglycoat Corp. v C. P. C. Distribs.,* 534 F Supp 200, 204 [SD NY]; *Bailey v Diamond Intl. Corp.,* 47 AD2d 363, 367). For this reason, we reinstate the claims of tortious interference with contract against Silverman.

We also conclude that in the circumstances of this case, there is a triable issue as to whether retention of the $100,000 application fee by Ramada's successor constituted an unjustified windfall to the present defendant, at plaintiff's expense *(see, Hutton v Klabal,* 726 F Supp 67, 72 [SD NY]).

With respect to the remaining appellate claims, we agree with the IAS Court for the reasons stated in its memorandum decision. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.