**MTV NETWORKS, a division of Viacom International, Plaintiff,**

**v.**

**Steven LANE d/b/a Ukrainian Network Television, John Does 1 through 3 and John Does 4 through 6, Defendants.**

**No. 96 CIV. 8682(JSR).**

United States District Court,
S.D. New York.

March 27, 1998.

Steve Lane, Phoenix, AZ, pro se.

Alfred U. Pavlis, Christopher P. Conniff, Gage Buschmann & Pavlis, New York, NY, for plaintiff.

## MEMORANDUM ORDER

RAKOFF, District Judge.

No objections having been filed, the Court hereby affirms and adopts Magistrate Judge Grubin's Report and Recommendation of March 5, 1998 in all respects, for the reasons stated therein. Accordingly, defendant's motion for summary judgment is denied.

SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE JED S. RAKOFF

GRUBIN, United States Magistrate Judge.

Plaintiff MTV Networks ("MTVN") brings this action against defendant Steven Lane

1. By order dated May 13, 1997, your Honor granted Lane's counsel's motion to withdraw, permitted Lane to proceed *pro se* and stayed discovery to give him time to file this motion.

2. John Does 1–3 are described as persons or entities other than Lane who possess the Tapes

("Lane"), "d/b/a Ukrainian Network Television" ("UNTV"), pursuant to a certain written agreement (the "Agreement"), seeking $268,000.00 and the return of sixteen television videotapes (the "Tapes"). Pending is a motion by Lane *pro. se* for summary judgment, who contends that undisputed facts establish that he is not a party to the Agreement, which was entered into by MTVN, on the one hand, and UNTV, on the other, precluding his individual liability for the claims asserted in the complaint.[1] For the reasons set forth below, the motion should be denied.

## FACTS

The complaint asserts five claims: breach of contract, unjust enrichment, conversion, conspiracy to cause conversion, and replevin. The breach of contract claim is pleaded solely against Lane, and the remaining claims are asserted against Lane and "John Doe" defendants.[2] MTVN alleges that Lane "did business as and through" UNTV and that UNTV "is not an existing legal entity under the laws of any state" (Complaint ¶ 4).

According to the complaint, on or about January 18, 1995 MTVN and Lane entered into the Agreement (Complaint ¶ 10) (which is not attached to the complaint), giving Lane the exclusive right in certain cities in Russia, Kazakhstan, Ukraine, Belarus and Georgia to broadcast television programming contained on the Tapes (Complaint ¶¶ 9–11). The details of the broadcast arrangement are not material to this motion. MTVN alleges that under the Agreement it retained all rights; title and interest in the Tapes and their content (Complaint ¶ 10). MTVN further alleges that the Agreement required Lane to pay $468,000.00 according to a schedule and provided that MTVN could terminate the Agreement and require immediate payment of all fees if Lane failed to perform as the Agreement required (Complaint ¶¶ 12–13). The breach of contract claim is that Lane

without authorization from MTVN and John Does 4–6 are described as persons or entities who aided Lane in acquiring the right to use them and in making partial payment under the Agreement (Complaint ¶¶ 5,6.).

allegedly received the sixteen Tapes from MTVN, paid $200,000.00 of the amount due under the Agreement, but refuses to return the Tapes and refuses to pay the additional $268,000.00 required under the Agreement (Complaint ¶¶ 14–16). All of the remaining claims are based on the alleged failure to return the Tapes.

In support of Lane's motion, he has submitted documents titled "Memorandum of Points and Authorities" ("Lane Mem.") and an unsworn "Statement of Facts" with four attached exhibits ("Lane Statement").[3] He also submitted a sworn "Reply" to MTVN's opposition papers ("Lane Reply").

Lane alleges that he is not a party to the Agreement, entered into by UNTV and MTVN, and submits copies of what he describes as the Agreement and its Amendments 1 and 2 (Lane Statement Ex. 2–4). MTVN does not appear to dispute that his documents are the Agreement. On its face, it unambiguously shows it is between MTVN and UNTV and that Lane signed it as the President for the corporation UNTV. He states that UNTV is a Ukrainian corporation formed under Ukrainian law (Lane Statement ¶ 1) and submits what he describes as the UNTV by-laws (Lane Statement Ex. 1; Lane Reply pp. 1–3). The by-laws appear to be in Ukrainian or Russian, and he submits an English translation of them. He claims that MTVN knew it was dealing with the corporation as shown by submitted correspondence between MTVN, on the one hand, and UNTV, on the other (Lane Statement Ex. 4–6). He states he was "only a 30% owner" of UNTV (Lane Statement ¶ 2) and that MTVN never requested any personal guaranty (Lane Statement ¶ 8). The documents submitted include MTVN invoices addressed to Ukrainian Network Television, not Lane.

In opposition to the motion MTVN submits a document titled "Statement Pursuant to Local Civil Rule 3(g)" ("MTVN Statement")[4] and a Memorandum of Law ("MTVN Mem."). The Statement is improper because it does not contain the material facts as to which MTVN contends there exists a genuine issue to be tried, Rule 56.1(b), nor does it purport to controvert the facts set forth in the Lane Statement. *See* Rule 56.1(c). The Statement includes no supporting evidence for its contentions. Indeed, MTVN submits no evidence at all, contending that there are "numerous, material issues of fact." MTVN also challenges the UNTV "by-laws" submitted by Lane as unauthenticated documents and the translation as uncertified.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party must initially satisfy a burden of demonstrating the absence of a genuine issue of material fact, which can be done merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party then must meet a burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322.

The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." *Eastway Constr. Corp. v. City of New York*,

---

**3.** Lane's Statement of Facts, even if construed to be a "short and concise statement of the material facts as to which [he] contends there is no genuine issued to be tried," does not meet the requirements of this court's Local Civil Rule 56.1 because the factual contentions are not supported with admissible evidence. *See* Rule 56.1(d) ("Each statement of material fact ... must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).").

**4.** MTVN mistakenly references former Rule 3(g) which was replaced by Rule 56.1 as of April 15, 1997.

762 F.2d 243, 249 (2d Cir.1985). *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir.1988); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The court is to inquire whether "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and to grant summary judgment where the nonmovant's evidence is irrelevant or merely colorable, conclusory, speculative or not significantly probative, *id.* at 249–50; *Knight v. U.S. Fire Ins. Co.*, 804 F.2d at 12, 15; *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir.1986), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). To determine whether the nonmoving party has met his or her burden, the court must focus on both the materiality and the genuineness of the factual issues raised by the nonmovant. As to materiality, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A dispute over irrelevant or unnecessary facts will not preclude summary judgment, *i.d.*, but the presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of the summary judgment motion. *See, e.g., Knight v. U.S. Fire Ins. Co.*, 804 F.2d at 11–12.

Once the nonmoving party has successfully met the burden of establishing the existence of a genuine dispute as to an issue of material fact, summary judgment must be denied unless the moving party comes forward with additional evidence sufficient to satisfy his or ultimate burden under Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. at 330 & n. 2 (Brennan, J. dissenting). In sum, if the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538

(1986) (quoting *First Nat. Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

It is initially noted that Lane's failure to comply with the requirements of Local Civil Rule 56.1 constitutes grounds for denial of his motion. *See, e.g., Rossi v. New York City Police Dep't*, No. 94 Civ. 5113, 1998 WL 65999, at *4 (S.D.N.Y. Feb.17, 1998); *Reiss v. County of Rockland*, No. 84 Civ.1906, 1985 WL 426, at *1 (S.D.N.Y. March 19, 1985). His papers as submitted, in any event, fail to establish the absence of a factual dispute as to whether he can be held liable under the Agreement.

To carry his burden on this motion, he must present material in a form admissible in evidence. Fed.R.Civ.P. 56(e). *See Saari v. Merck & Co.*, 961 F.Supp. 387, 397 (N.D.N.Y.1997); *Tetra Technologies, Inc. v. Harter*, 823 F.Supp. 1116, 1120 (S.D.N.Y. 1993); *Maryland Cas. Co. v. W.R. Grace & Co.*, 794 F.Supp. 1206, 1233 (S.D.N.Y.1991). If UNTV were not a valid corporation as alleged by MTVN, Lane as "President" and the signatory to the Agreement could be liable. *See Bay Ridge Lumber Co. v. Groenendaal*, 175 A.D.2d 94, 96, 571 N.Y.S.2d 798, 800 (2d Dep't 1991); *Brandes Meat Corp. v. Cromer*, 146 A.D.2d 666, 667, 537 N.Y.S.2d 177, 178 (2d Dep't 1989); *Imero Fiorentino Assocs., Inc. v. Green*, 85 A.D.2d 419, 420–21, 447 N.Y.S.2d 942, 943 (1st Dep't 1982); *Puro Filter Corp. v. Trembley*, 266 A.D. 750, 41 N.Y.S.2d 472, 473, *motion for appeal denied*, 266 A.D. 848, 43 N.Y.S.2d 635 (2d Dep't 1943).[5] Although he submits what he states are UNTV's by-laws, he has not submitted any authentication for them, which are purported to be foreign public records. Pursuant to Fed.R.Evid. 902(3), extrinsic evidence of authenticity is not needed for the following types of foreign public records:

A document purporting to be executed or attested in an official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attest-

---

5. The Agreement provides for application of New York law to issues arising thereunder.

ing person, or (B) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificates of genuineness of signature and official position relating to the execution or attestation.

These by-laws do not meet this requirement. Furthermore, while the Rule provides that a document may be treated as presumably authentic under certain circumstances, *see e.g., Raphaely Int'l, Inc. v. Waterman S.S. Corp.,* 972 F.2d 498, 502 (2d Cir.1992), *cert. denied,* 507 U.S. 916, 113 S.Ct. 1271, 122 L.Ed.2d 666 (1993); *Black Sea & Baltic General Ins. Co. v. S.S. Hellenic Destiny,* 575 F.Supp. 685, 692 (S.D.N.Y.1983), there is no basis here for the court to treat the by-laws as presumptively authentic, since there is no showing of good cause, nor has MTVN been afforded a reasonable opportunity to investigate their authenticity because no discovery has begun. *See* Fed.R.Evid. 902(3). Moreover, even if the by-laws were authenticated, there would remain additional disputed material facts, including whether UNTV was a legal entity at the time the Agreement was made (the by-laws are undated); whether UNTV was merely an alter ego of Lane; and whether Lane is or was an authorized agent of UNTV.[6]

■ Furthermore, while Lane's motion addresses the breach of contract claim, it does not address MTVN's claims for unjust enrichment, conversion, civil conspiracy or replevin, other than to assert, in conclusory fashion, that the Tapes "have never been used for any enrichment of UNTV or Lane" (Lane Reply p. 3). I point out for Lane, as he is proceeding *pro se,* that while corporate officers generally cannot be held personally liable on contracts of their corporations, personal liability will be found for tortious conduct in which they participate, regardless of whether their actions are taken for the benefit of the corporation. *Lopresti v. Terwilliger,* 126 F.3d 34, 42 (2d Cir.1997); *American Airlines, Inc. v. American Coupon Ex-*

*change,* 721 F.Supp. 61, 63 (S.D.N.Y.1989); *Key Bank v. Grossi,* 227 A.D.2d 841, 843, 642 N.Y.S.2d 403, 404 (3d Dep't 1996); *Herald Hotel Associates v. Ramada Franchise Sys., Inc.,* 191 A.D.2d 288, 595 N.Y.S.2d 28, 29 (1st Dep't 1993). Lane has submitted no evidence even to suggest that the facts material to these other claims alleged in the complaint are undisputed. Accordingly, to the extent he may be seeking summary judgment on these claims, his motion must be denied.

## CONCLUSION

For the reasons set forth above, I recommend that Lane's motion for summary judgment be denied.[7]

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Jed S. Rakoff, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Rakoff. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e), and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Services,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983)(per curiam).

March 5, 1998.

---

6. In addition, even if authenticated, a proper foundation would appear to be necessary to admit the by-laws as evidence under an exception to the hearsay rule.

7. Given my determination herein, I have scheduled a conference with the parties for this month to set a discovery schedule.