■ STEPHANIE S. PARKER, Appellant, v CHRISTINE A. COX et al., Respondents. [759 NYS2d 678] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 6, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

At best, plaintiff's evidence shows that she was employed not by defendants, or by the museum they were attempting to set up during the period of the alleged employment, but by the not-for-profit corporation they used to raise funds for the museum that was dissolved upon the formation of the museum. Thus, defendants cannot be held liable on the theory that they acted on behalf of a nonexistent corporation (*cf. Bay Ridge Lbr. Co. v Groenendaal*, 175 AD2d 94, 96 [1991]). Nor is there any

---

* Deceased June 1, 2003.
* Deceased June 1, 2003.

evidence that defendant Cox agreed to personally guarantee plaintiff's purported salary. The defamation claim against Cox must be dismissed where she unequivocally denies that she made the alleged slanderous statements and plaintiff adduces only hearsay that she did (*see Snyder v Sony Music Entertainment*, 252 AD2d 294, 298 [1999]). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Sullivan, Rosenberger, Wallach* and Gonzalez, JJ.