OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiff, a corporation organized under the not-for-profit laws of the State of Arizona, commenced this action to recover the sum of $14,041.61. Upon its motion for summary judgment, plaintiff showed that on August 17, 1998 defendant, a student at that time at the School of Visual Arts, signed an application for a “CollegeCard.” Under the terms of the application, defendant agreed that he was applying for an “educational loan” subject to the provisions of 11 USC § 523 (a) (8) if the loan was held by a nonprofit organization. Plaintiff issued the “College-Card” to defendant, and defendant made charges thereto between November 4, 1998 and February 3, 2003 for payments to the School of Visual Arts. Defendant does not dispute the charges or the amounts reflected in the billing statements in the total sum of $14,041.61. On January 18, 2002 defendant filed a voluntary petition under chapter 7 of the 1978 Bankruptcy Code (11 USC). By order of the Bankruptcy Court, dated May 15, 2002, defendant received a discharge from all discharge-able debts. Thereafter, plaintiff commenced the instant action to recover the balance due on the “CollegeCard” account in the principal sum of $14,041.61. Plaintiff’s motion for summary judgment was initially denied by the court below but, upon renewal and/or reargument, the court below vacated its original decision and granted the motion, finding that defendant failed to establish that the subject educational loan was discharged in bankruptcy. On appeal, defendant contends that the loan was discharged in bankruptcy because it was not an educational loan subject to 11 USC § 523 (a) (8).
A discharge under chapter 7 of the Bankruptcy Code (11 USC § 727) does not discharge an individual debtor from any loan made, insured, or guaranteed by a governmental unit or made under any program funded in whole or in part by a governmental unit or nonprofit institution, unless excepting such debt from *110 discharge will impose an undue hardship on the debtor and the debtor’s dependents (11 USC § 523 [a] [8]). “Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt” (Tennessee Student Assistance Corporation v Hood, 541 US 440, 450 [2004]). When a qualified institution such as a not-for-profit organization provides funds, credit or some other financial accommodation to an individual for educational purposes, the transaction will be considered a loan subject to 11 USC § 523 (a) (8) provided that “(1) the student was aware of the credit extension and acknowledges the money owed; (2) the amount owed was liquidated; and (3) the extended credit was defined as a ‘sum of money due to a person’ ” (In re Merchant, 958 F2d 738, 741 [6th Cir 1992]; see In re DePasquale, 225 BR 830, 832 [1st Cir Bankruptcy App Panel 1998]).
In the instant case, plaintiff established that it is a not-for-profit corporation and that it extended credit to defendant for educational purposes. The face of the credit application expressly provided that it was for an educational loan subject to 11 USC § 523 (a) (8) if it was held by a nonprofit organization. Defendant was aware of the credit extension and acknowledged the money owed. His claim that he did not understand English is insufficient to set aside the agreement (see Imero Fiorentino Assoc. v Green, 85 AD2d 419, 420 [1982]). Since educational loans are not automatically discharged in bankruptcy (11 USC § 523 [a] [8]), and since defendant did not establish that he received a hardship determination excepting said debt from discharge in the bankruptcy proceeding (see Tennessee Student Assistance Corporation v Hood, 541 US 440 [2004], supra), the court below properly granted plaintiffs motion for summary judgment.
Pesce, PJ., Golia and Rios, JJ., concur.