■ BENFIELD ELECTRIC SUPPLY CORP., Respondent, v C & L ELEVATOR CONTROLS, INC., et al., Defendants, and ANTHONY MARCHESE, Appellant. [870 NYS2d 304]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered September 6, 2007, which, insofar as appealed from as limited by the briefs, in an action for payment due on goods sold and delivered, granted plaintiff's motion for partial summary judgment on its cause of action for breach of contract and denied defendant-appellant's cross motion to dismiss the action as against him, unanimously modified, on the law, to the extent of denying plaintiff's motion except to the extent of invoices dated after June 30, 2004, and otherwise affirmed, with costs in favor of plaintiff-respondent payable by defendant-appellant.

Plaintiff established as a matter of law that it was entitled to collect on invoices, generated by purchases made by defendant

C & L Elevator Controls, from its sole corporate officer appellant Marchese, which postdated said corporation's dissolution date (June 30, 2004), since appellant was personally responsible for those charges (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135 [1993]; *Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667 [1989]). However, with respect to the pre-June 30, 2004 invoices, the record presents triable issues of fact as to whether appellant disregarded the corporate formalities of his now-dissolved closely-held corporations, and exercised domination over them to commit a fraud or wrong against plaintiff that resulted in plaintiff's injury (*see e.g. First Capital Asset Mgt. v N.A. Partners*, 300 AD2d 112, 116 [2002]). Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.