■ CARLOS-CESAR GARCIA, Appellant, v MARIA PUCCIO et al., Respondents. [879 NYS2d 435]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered May 5, 2008, granting defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

On a prior appeal in this action (17 AD3d 199 [2005]), we found that plaintiff, a teacher, stated a cause of action for defamation where he alleged that defendant Puccio told a student's parent that plaintiff had been accused of corporal punishment before. We noted that defendants' claims of truth and qualified privilege were affirmative defenses to be raised in the answer and that "[d]efendants may then move for summary judgment on any such defense available to them and, upon their making a prima facie showing of truthfulness or qualified privilege, the burden would shift to plaintiff" (*id.* at 201).

Defendants' summary judgment motion included Ms. Puccio's unequivocal denial of making the subject statement, establishing a prima facie showing of a lack of the requisite publication of a defamatory statement (*see Parker v Cox*, 306 AD2d 55 [2003]; *Snyder v Sony Music Entertainment*, 252 AD2d 294, 298 [1999]). In opposition, plaintiff failed to establish a triable issue of fact as to whether the alleged statement was made and published (*see id.*; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rather, plaintiff offered only hearsay, i.e., an

out-of-court statement by the parent's mother that Ms. Puccio had made the alleged statement. The statement by the mother that Ms. Puccio made the statement was offered for its truth (i.e., that Ms. Puccio had made the statement). The only statement Ms. Puccio admitted making, that she told the parent that there were "problems" or "problemas" with plaintiff, was a true statement made in response to a direct question, without any elaboration, was not susceptible of a defamatory meaning and did not constitute defamation (*see Dillon v City of New York*, 261 AD2d 34, 38 [1999]). In any event, the statement would be protected by a qualified privilege, having been made by a high school principal to a student's parent who had a common interest in the subject matter of the conversation (*see Garcia v Puccio*, 17 AD3d at 201; *Hoesten v Best*, 34 AD3d 143, 157-158 [2006]). Concur—Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.