Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about April 9, 2013, which denied plaintiffs motion for summary judgment on its complaint, unanimously affirmed, without costs.
Plaintiff is correct that, had defendants entered into a contract on behalf of a nonexistent entity, for example, the Studio 1 entity that was dissolved by tax proclamation in 1992, they would be personally liable under the contract (see Imero Fiorentino Assoc. v Green, 85 AD2d 419, 420-421 [1st Dept 1982]; Benfield Elec. Supply Corp. v C & L El. Controls, Inc., 58 AD3d 423, 423-424 [1st Dept 2009]). However, defendants raised an issue of fact whether they contracted on behalf of a nonexistent entity or the currently existing division of their corporation, by presenting documentary evidence showing that the Studio 1 for which they ordered goods is a division of Shazdeh Fashions, Inc., of which they are officers. This evidence includes documents exchanged with plaintiff during other transactions that predate this one as well as documents that postdate this transaction.
Concur — Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.