OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about September 23, 2014, affirmed, with $25 costs.
Landlord commenced this summary holdover proceeding alleging that the rent-stabilized tenant failed to provide access to her apartment to enable landlord to make necessary alterations. The predicate notice of termination alleged, and the trial evidence ultimately established, that: (1) landlord requested access to tenant’s apartment to remove certain windows that open onto interior air shafts, and to seal the air shafts with fire resistant material; (2) landlord had plans for the alteration work that were approved by the Department of Buildings (DOB); and (3) tenant refused to provide access. The trial court ultimately dismissed the petition, finding, inter alia, that “even assuming arguendo that DOB permits sealing the windows on the airshafts,” this work will reduce the “light and air to a room that [tenant has] been using on a long-term basis as a bedroom” (45 Misc 3d 1201[A], 2014 NY Slip Op 51416[U], *6 [2014]).
We affirm, albeit on reasons other than those expressed by the trial court. In doing so, we take judicial notice of official DOB records (see Brandes Meat Corp. v Cromer, 146 AD2d 666, 667 [1989]) rendered subsequent to the trial court’s determination. These incontrovertible official records unequivocally establish that on March 12, 2015, DOB revoked the permit (No. 120258005) granted to landlord for the alteration work here at issue and issued a stop work order; and that on October 1, 2015, a violation was issued because construction was in progress “beyond approved plans/permits.” In view of these official records, particularly the permit revocation and stop work order, it cannot be concluded that the alteration work sought to *28 be performed by landlord was necessary or required by law (see Rent Stabilization Code [9 NYCRR] § 2524.3 [e]; see generally Perovic v Dijan, 2002 NY Slip Op 50659[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). In the circumstances, tenant’s refusal of access was not a violation of the Code or section 15 (A) of the parties’ lease.
Schoenfeld, J.R, Shulman and Hunter, Jr., JJ., concur.