712 Realty, LLC v Poliard (2024 NY Slip Op 24016)

[*1]

712 Realty, LLC v Poliard

2024 NY Slip Op 24016

Decided on January 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on January 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2019-1087 K C

712 Realty, LLC, Respondent,
against
Mireille Poliard, Appellant. 

Mireille Poliard, appellant pro se.
Rosenblum & Bianco, LLP, for respondent (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Kings County (Michael L. Weisberg, J.), dated June 5, 2019, deemed from two final judgments of that court entered June 10, 2019 (see CPLR 5512 [a]). The final judgments, upon the decision, after a nonjury trial, awarded landlord possession and the sum of $1,388.76, respectively, in a nonpayment summary proceeding.

ORDERED that the final judgments are affirmed, without costs.
In this nonpayment proceeding based upon alleged arrears of $2,834.01, representing monthly rent of $1,388.76 for November and December of 2018 and partial rent of $56.49 for October of 2018, tenant filed an answer in which she asserted a breach of the warranty of habitability. At a nonjury trial, the petition was amended to include rent due through March of 2019, and landlord's witness testified that landlord had received a payment from tenant in March of 2019, that all payments are applied to the oldest outstanding balance, and that tenant still owed $1,388.76. After trial, the Civil Court awarded landlord possession and a monetary award of $1,388.76 without any abatement in favor of tenant based on her breach of the warranty of habitability defense. On appeal, tenant argues that she has paid all of her rent and, in any event, [*2]that landlord failed to repair a mold condition in her apartment.
Landlord submitted sufficient evidence to establish that tenant owed one month's rent of $1,388.76 in March of 2019, after the amendment of the petition. While tenant makes a general claim that she made all rent payments, she does not dispute that landlord's records accurately credit her with all the rent payments she had made. Indeed, tenant submitted with her appellate brief a rent ledger from landlord with her handwritten comments on it, which ledger clearly demonstrates that no rent payment was made in November of 2017. At trial, tenant acknowledged that landlord had alleged that no payment was made for November 2017. She then testified that, in September or October of 2017, she gave landlord a bank check for $1,900 and a money order for $843.22 in the same envelope and that these payments were for September and October of 2017. Earlier she had testified that she sometimes paid her rent in advance. The rent ledger she submitted with her brief shows a payment of $1,900 on September 29, 2017 and a payment of $843.22 on October 3, 2017, which two payments tenant circled together and noted "Sep & October—two months rent in one envelop[e]." The ledger shows a balance of $2,834.01 prior to the $1,900 payment, a charge of $1,371.61 for October rent on October 1, 2017, and a balance of $1,462.40 after the $843.22 payment. The ledger shows additional payments of $371.61 and $1,000, both on October 30, 2017, which tenant circled together and wrote "November" and "I paid in advance for November." However, after those payments were credited, the ledger shows a balance of $90.79 and a charge of $1,371.61 on November 1, 2017 for November 2017 rent, leaving a balance of $1,462.40 at the end of November. The ledger further shows that tenant then made monthly rent payments but remained approximately one month behind in her rent until November 2018 when she missed another rent payment, leaving a balance of $2,834.01 at of the end of November 2018. (During this time, monthly rent increased to $1,388.76.) 
This proceeding was commenced in December of 2018, after December rent was charged to tenant's account and a payment of $1,388.76 was credited. The petition was based upon arrears of $2,834.01, representing two months' rent and additional arrears of $56.49. (The petition also alleged that tenant owed $250 in legal fees.) It is undisputed that tenant obtained a one-shot deal for that amount, and a rent ledger in the court file shows that $2,834.01 was paid to landlord on tenant's behalf in January of 2019. That check covered the arrears, but no payment was made for January rent. Monthly payments of $1,388.76 were made in February and March, leaving tenant one month behind when the petition was amended at trial to include March 2019 rent, thereby justifying the Civil Court's finding that tenant was in arrears in her rent payments by the sum of $1,388.76. 
The Civil Court further found that tenant's testimony was insufficient to prove a mold condition during the period covered by this nonpayment proceeding, the only period which this court can review. The Civil Court's finding that no abatement was warranted for tenant's breach of the warranty of habitability claim is supported by a fair interpretation of the evidence, and, thus, its determinations should not be disturbed.
Accordingly, the final judgments are affirmed.
BUGGS and MUNDY, JJ., concur.
Toussaint, P.J., dissents and votes to reverse the final judgments and dismiss the petition in the following memorandum.
In my opinion, a review of the record fails to support the findings that landlord demonstrated, prima facie, that there were rent arrears of $1,388.76 or that tenant did not establish a breach of the warranty of habitability based upon a mold condition in the subject apartment. 
In this nonpayment proceeding brought by landlord, 712 Realty, LLC, against self-represented tenant Mireille Poliard, a nonjury trial was held on March 15 and May 8, 2019. The petition alleged tenant's failure to pay monthly rent of $1,388.76 for November and December of 2018, and partial rent of $56.49 for October of 2018. The petition was amended by stipulation dated January 7, 2019 to include rent owed through January of 2019 and, at trial on March 15, 2019, to include rent owed through March of 2019. Tenant contended that no rent was due and further asserted a defense based on a breach of the warranty of habitability as an offset to any arrears which might be established by the landlord. After trial, the court, in separate judgments, awarded landlord possession and the sum of $1,388.76, without any abatement. Tenant appeals, submitting various exhibits, some of which, it appears, were not before the Civil Court. The landlord submitted no respondent's brief.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, with deference given to a trial court's credibility determinations (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]).
At trial, landlord's managing agent testified that, notwithstanding receipt of a rent payment in the month of March of 2019, tenant still owed $1,388.76. Upon the close of evidence, the trial court determined that landlord had "demonstrated prima facie entitlement to judgment" and awarded landlord possession along with $1,388.76 "as all rent due through March 15, 2019," without specifying which month's rent was due. However, landlord's trial evidence did not establish tenant's oldest outstanding balance or the specific month for which rent remained unpaid. Indeed, a review of the additional rent checks and receipts submitted on appeal, and the rent ledger relied upon by landlord, does not clearly establish a connection between the stated ledger balance of $1,388.76 and the amount claimed as unpaid rent in the petition, as amended on March 15, 2019— the $2,834.01 upon which the petition was initially based, plus $4,166.28 for rent accruing in January, February and March of 2019. Thus, after consideration of the trial record and the proofs contained therein, in my opinion, landlord did not prove there were arrears for a month covered by the petition, as amended, warranting entry of a final judgment of possession for landlord, or a money judgment in the amount of $1,388.76 (see [*3]RPAPL 749 [3]; Rosenzweig v Hanna, 54 Misc 3d 140[A], 2017 NY Slip Op 50161[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Hegeman Asset v Smith, 5 Misc 3d 8, 13 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). 
Further, under the circumstances, even if I were to conclude that landlord demonstrated arrears for one of the months included in the amended petition, I would find that tenant is due an abatement offsetting a month's rent and would dismiss the petition on that ground. 
It was undisputed at trial that there has been a mold condition in the subject apartment. Tenant submitted photographs of the mold and testified that the condition had existed since 2012 and that landlord had sent someone to fix it many times, but that the condition kept going away and coming back again. Indeed, landlord's managing agent testified at trial that the mold was addressed by painting using a stain killer, so the mold "won't come right back," and that "[a]s to why [the mold has] come back or how it's come back, I can't answer that." (It is noted that landlord's witness also testified that there were no outstanding violations registered against the subject apartment.) However, on May 8, 2019, during the trial, tenant notably testified that the "city" and the "Housing Department" were scheduled to inspect the apartment just two days later, on May 10, 2019, and that photographs of the apartment would be taken. The trial court did not inquire regarding the details of the inspection or adjourn the trial to find out the inspection results. 
In its June 5, 2019 decision, the Civil Court declined to award tenant any abatement based upon her defense of a breach of the warranty of habitability on account of a mold condition. The trial court found that tenant's "vague testimony concerning conditions in the apartment was insufficient to establish her defense . . . , notwithstanding the admission of certain photographs that appeared to show a serious mold condition" and that, in any event, landlord's "evidence, including photographs [and] a business record containing notations of completed repairs," served to rebut tenant's testimony. The trial court failed to indicate in the decision whether it "looked-up" or otherwise considered the results of the May 10, 2019 DHCR inspection before making its June 5, 2019 determinations. The trial court also failed to discuss, in any detail, tenant's or the managing agent's testimony, or indicate the degree to which it weighed the credibility of each when arriving at its determinations. In my view, the trial record demonstrated not only the presence of mold in the subject apartment but that there was an ongoing mold condition, which landlord had addressed but failed to resolve.
My position is supported by several documents appended by tenant to her brief which were concededly not before the trial court. While it is the general rule that appellate review is limited to the matters presented in the record on appeal (see Khan v State Univ. of NY Health Science Ctr. at Brooklyn, 271 AD2d 656, 657 [2000]), "a narrow exception to the general rule [has been] recognized" (Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291, 299 [1974]) for matters of public record or other "reliable documents, the existence and accuracy of which are not disputed" (Brandes Meat Corp. v Cromer, 146 AD2d 666, 667 [1989]). The Court of Appeals further instructs that an appellate court may consider incontrovertible documents, [*4]dehors the record, even for purposes of modifying or reversing a judgment where the documents would conclude protracted litigation and relieve the courts of the burden of having to conduct further proceedings (see Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d at 299; Brandes Meat Corp. v Cromer, 146 AD2d at 667; see also Matter of DeRosa v Dyster, 90 AD3d 1470, 1474-1475 [2011] [Carni, J., dissenting]). Here, to the extent any of the documents appended to tenant's brief and discussed below are not matters of public record, landlord has not filed an appellate brief in opposition, objected to their consideration or challenged their authenticity or accuracy.
The documents appended to tenant's brief show that tenant's rent had been reduced pursuant to a 2015 DHCR order which determined that there had been, at that time, a severe mold condition throughout the apartment, among other things, and that landlord applied to DHCR to restore tenant's rent on or about January 10, 2019, while the instant proceeding was pending. Tenant also appended a DHCR Notice of Settlement dated July 18, 2019 (shortly after the June 5, 2019 Civil Court decision herein), in which landlord, as owner, among other things, agreed to settle and address noncompliance issues in tenant's apartment and paid a civil penalty. Given the time frame of the settlement, it is likely the DHCR proceedings were in progress at or about the same time landlord's agent was representing to the lower court an absence of violations in tenant's apartment. Tenant's saga continued as there is a handwritten note on the copy of the July 18, 2019 Notice of Settlement stating that the case should remain open until landlord fixed the apartment. This note is followed by a November 22, 2019 letter from tenant explaining landlord's noncompliance with the Notice of Settlement. Thereafter, pursuant to an inspection conducted on July 23, 2020, DHCR issued a July 29, 2020 order denying landlord's application to restore the rent reduction of 2015, finding that the rent-reducing conditions (i.e., the mold) had not been corrected. The DHCR order and the finding that "the mold condition was ongoing" were consistent with tenant's trial testimony and the photographs the self-represented tenant submitted at trial.
In light of the posttrial, ongoing inspections and findings of the DHCR, it appears best to simply vacate the judgments and dismiss the petition rather than remand the matter for further proceedings.
In view of the foregoing, I vote to reverse the final judgments and dismiss the petition.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2024